John CELBUSKY

v.

DELAWARE & HUDSON RAILWAY COMPANY.

Civ. A. No. 83–4726.

United States District Court,
E.D. Pennsylvania.

July 19, 1984.

J. Michael Farrell, Philadelphia, Pa., for plaintiff.

Joseph A. O'Brien, Scranton, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

█ The defendant has moved to transfer this Federal Employers' Liability Act (FELA) action to the Middle District of Pennsylvania on the basis of forum *non conveniens*. Under 28 U.S.C. § 1404(a), a district court is empowered to "transfer any civil action to any other district or division where it might have been brought" if appropriate "[f]or the convenience of parties and witnesses [and] in the interest of justice". Furthermore, a decision to transfer is committed to the sound discretion of the trial court. *Piper Aircraft Company v. Reyno*, 454 U.S. 235, 257, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981).

At all times relevant to this action, the plaintiff was a resident of Simpson, Pennsylvania, which is located within the jurisdiction of the United States District Court for the Middle District of Pennsylvania. The center of the defendant's business operations is also in the Middle District of Pennsylvania. During the course of his employment with the defendant, the plaintiff worked exclusively in the Middle District of Pennsylvania and in the Northern District of New York. He was injured on the job in the Middle District of Pennsylvania. The hospitals to which plaintiff was taken and the physicians that treated the plaintiff for his injuries are located in the Middle District of Pennsylvania. Consequently, plaintiff's medical records are in the Middle District of Pennsylvania. All fact witnesses for both the plaintiff and the defendant reside in the Middle District of Pennsylvania. Two of the plaintiff's medical witnesses and all of the defendant's medical and other expert witnesses have offices in the Middle District of Pennsylvania. However, plaintiff plans to call five additional expert witnesses with offices in the Eastern District of Pennsylvania. These additional expert witnesses include two medical experts, an economic expert, a construction safety expert, and a vocational expert. Plaintiff's counsel has its offices in the Eastern District of Pennsylvania.

█ In deciding a motion to transfer, we must balance all relevant private and public interest factors. Among the factors to be considered are the plaintiff's choice of forum, the location of the defendant's principal offices, the residence of potential witnesses, the location of pertinent records or documents, the pile-up of litigation in congested centers, and all other practical problems that make trial of a case easy, expeditious and inexpensive. *Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, 508–509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); *Bonnell v. General Motors Corporation*, 524 F.Supp. 275, 276 (E.D.Pa.1981); *B.J. McAdams, Inc. v. Boggs*, 426 F.Supp. 1091, 1104 (E.D.Pa.1977); *Blender v. Sibley*, 396 F.Supp. 300, 302 (E.D.Pa.1975). Ordinarily, there is a strong presumption in favor of plaintiff's choice of forum. However, where, as here, a plaintiff chooses a forum

which is not his home forum, his choice should be given considerably less weight. *Piper Aircraft Company v. Reyno,* 454 U.S. at 256, 102 S.Ct. at 266.

■ In light of this, the facts clearly weigh in favor of a transfer to the Middle District of Pennsylvania. The location of both parties, all fact witnesses, the accident site, the treating physicians, the medical records and the majority of the expert witnesses is in the Middle District. Only the offices of plaintiff's counsel and those of several of his expert witnesses are in the Eastern District of Pennsylvania. Because the convenience of counsel is not a factor to be considered in deciding the instant motion, we need only consider the convenience of these expert witnesses. *Solomon v. Continental American Life Insurance Co.,* 472 F.2d 1043, 1047 (3d Cir.1973); *Solties v. Massey-Ferguson, Inc.,* No. 83–3216 slip op. at 2 (E.D.Pa. June 28, 1984). Whatever weight we can reasonably give to this factor is small by comparison to that which we must attribute to the factors favoring transfer. *Clark v. Pennsylvania Railroad Company,* 180 F.Supp. 877 (E.D. Pa.1960). Moreover, the public interest in preventing the piling up of litigation in congested centers is not a factor in this case. The difference in the average time for disposition of cases in the Eastern District of Pennsylvania and the Middle District of Pennsylvania is so minimal as to be deserving of no weight under the facts of this matter. *Pawlikowski v. Delaware and Hudson Railway Company,* No. 83–2968 slip op. at 3 (E.D.Pa. December 1983).

We will grant the motion to transfer. An appropriate order follows.