NORFOLK AND WESTERN RAILWAY COMPANY

V.

NICKOLAS C. WILLIAMS

Record No. 890450

March 2, 1990

Present: All the Justices

*William T. Prince; Joan F. Martin (Williams, Worrell, Kelly, Greer & Frank*, on briefs), for appellant.

*Raymond H. Strople (Willard J. Moody, Sr.; Moody, Strople & Kloeppel*, on brief), for appellee.

JUSTICE LACY delivered the opinion of the Court.

Nickolas C. Williams was employed by Norfolk and Western Railroad (N&W) as a clerk in the Caller's Office in Roanoke, Virginia. On April 7, 1984, the chair in which Williams was working fell backwards. Subsequently Williams filed an action in the Circuit Court of the City of Portsmouth against N&W under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60 (1982), for injuries allegedly resulting from his fall from the chair. N&W moved to transfer the case to the Circuit Court of the City of Roanoke. That motion was denied. After a three-day trial, the jury returned a verdict in favor of Williams for $713,000. N&W moved to set aside the verdict and renewed its motion to transfer the case. The trial court denied N&W's mo-

tions and entered judgment on the verdict on January 12, 1989. We granted N&W an appeal.

Although N&W assigned a number of errors, we need address but one: whether the trial court erred in refusing to grant N&W's motion to transfer the case under § 8.01-265, the *forum non conveniens* statute.

N&W's motion for transfer of venue was addressed to the sound discretion of the trial judge, and his action in denying the motion cannot be reversed unless the record affirmatively reflects an abuse of discretion. *Shifflett v. Commonwealth*, 221 Va. 760, 771-72, 274 S.E.2d 305, 312 (1981). Here, after review of the record, statutes, and principles pertinent to the doctrine of *forum non conveniens*, we conclude that the refusal of the trial court to transfer this cause to the Circuit Court of the City of Roanoke constituted an abuse of discretion.

■ Venue statutes generally afford a plaintiff a choice of appropriate forums. The choice insures that the plaintiff will be able to prosecute his cause, and usually allows him to choose a place which he considers most suitable. However, the common law and, subsequently, legislative bodies recognized that

the open door may admit those who seek not simply justice but perhaps justice blended with some harassment. A plaintiff sometimes is under temptation to resort to a strategy of forcing the trial at a most inconvenient place for an adversary, even at some inconvenience to himself.

*Gulf Oil Corp.* v. *Gilbert*, 330 U.S. 501, 507 (1947). To guard against abuse of the latitude afforded by the venue statutes, judges were vested with the discretion to change the location of the trial in favor of a location more convenient to the parties and witnesses, one free of any taint of prejudice, or one which would better serve the ends of justice.

The Virginia statutes likewise offer a plaintiff the choice of forum in which to bring his action. Additionally, the Virginia General Assembly has incorporated the doctrine of *forum non conveniens* into the Virginia venue statutes by stating specifically that those statutes are intended to allow actions to be tried in courts which are "convenient to the parties and witnesses." Code § 8.01-257. A case properly filed in one court may be transferred to an-

other "fair and convenient forum" on a showing of good cause. Code § 8.01-265.

■ The transfer decision is within the court's discretion, and, as with other discretionary acts, there is no clear formula which can be mechanically applied. Circumstances ordinarily considered in motions to transfer on the basis of *forum non conveniens* include

relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Gulf*, 330 U.S. at 508. The General Assembly has provided additional guidance by defining "good cause" as including but not limited to "the avoidance of substantial inconvenience to the parties or the witnesses." Code § 8.01-265.

■ Careful consideration of the facts, a balancing of the competing interests, and an analysis of the appropriate principles must be undertaken in each case. The forum chosen as a result of this process should be one which insures the ability of the plaintiff to prosecute his cause free from any suggestion of abuse of the venue provisions.

The circumstances of this case, as reflected in Williams' motion for judgment, showed that he was an employee of N&W injured "in the regular course of his duties at the 24th Street Caller's Office, in Roanoke, Virginia." Williams alleged that N&W "regularly and systematically conducts affairs or business activities within the City of Portsmouth, Virginia." The pleading also indicated that the defendant N&W could be served through its registered agent located in Roanoke.

In making its decision, the court also considered the objection to venue and motion to transfer in which N&W argued that Roanoke was the preferred forum. N&W pointed out that the accident occurred in Roanoke and "did not arise out of any of the affairs or business activities of the defendant within the City of Portsmouth." Furthermore, N&W asserts that "no connection exists between said accident or cause of action and any business of Norfolk and Western Railway Company within the jurisdiction" of the Portsmouth Circuit Court. Stating that trial of the cause in

Portsmouth would not be convenient to either the parties or the witnesses, N&W informed the court that all of the known potential liability witnesses were from Roanoke and all of the known potential medical witnesses "reside or practice in the Roanoke area, except a physician selected by plaintiff's counsel, who practices in Richmond, Virginia."

A hearing on the motion to transfer was held but was not transcribed. While we do not know precisely what arguments were made to the court, on brief Williams acknowledges that "as [the record] stood then," N&W presented argument regarding the number of witnesses who would have to travel from Roanoke to Portsmouth for the trial.

Based on these proceedings, the trial court entered an order denying N&W's motion to transfer, holding that N&W failed to show "good cause or substantial inconvenience that would justify the exercise of discretion to transfer this proceeding from the forum selected by the plaintiff."

Williams sets out a number of considerations justifying the trial court's action as a proper exercise of discretion. First and foremost, he asserts that the plaintiff's choice of forum is entitled to great deference. Citing *Boyd* v. *Grand Trunk W. R. Co.*, 338 U.S. 263, 265 (1949), he asserts that the choice of venue in a FELA action is a "substantial right" and proposes that the presumption in favor of the plaintiff's choice of forums in a FELA action is stronger than in other actions.

■ While the presumption of correctness attaches to a plaintiff's choice of forum, it is not absolute. *Piper Aircraft* v. *Reyno*, 454 U.S. 235 (1981). Indeed, the presumption cannot be enhanced simply because the action arises under the FELA. We are bound to apply the same principles to venue issues in a FELA case as we apply to venue issues in any other tort case. *Southern R. Co.* v. *Mayfield*, 340 U.S. 1 (1950).

Next, explaining that N&W is a wholly-owned subsidiary of Norfolk Southern Corporation, a holding company with its corporate headquarters in Norfolk, Williams asserts that his choice of forum should receive special deference because it is N&W's principal place of business. In support of this premise, Williams cites cases in which transfer away from a defendant's principal place of business was refused. Even assuming that the principal place of business of N&W's parent company becomes N&W's principal place of business, the fact is that Williams filed this action in the

Third Judicial Circuit, Portsmouth, not the Fourth Judicial Circuit, Norfolk, which he maintains is N&W's principal place of business. Thus, the rationale of the cases he cites is not applicable under the circumstances of this case.

Clearly an important indicator of good cause supporting transfer is substantial inconvenience to parties or witnesses. Williams maintains that because he willingly undertook to pursue this litigation in Portsmouth, his inconvenience cannot be used to argue against his choice of forum. Code §§ 8.01-257 and -265 speak in terms of inconvenience not only of parties but also of the witnesses. By holding a trial in Portsmouth, the witnesses faced the inconvenience of being away from families, homes, and jobs while traveling to Portsmouth to testify, regardless of who made the arrangements and paid for the travel expenses. Not one potential witness was from Portsmouth and would be spared this imposition. The alternative was the presentation of deposition testimony, a less desirable procedure which deprives the trial judge and jury of the ability to evaluate the witnesses in person.

■ Finally, Williams argues that "[w]holesale appellate review and relitigation of the circuit court's exercise of discretion [in denying a motion to transfer] . . . would transform these motions into an engine for increasing the delay, inconvenience, and cost of litigation." Appellate review of every case inevitably increases delay, inconvenience, and cost of litigation. However, the General Assembly determined that the importance of an appropriate, convenient forum to judicial administration was significant enough to specifically provide for appellate review of this issue. Code § 8.01-267. This Court has likewise ordered a new trial when the principles of *forum non conveniens* and the venue statutes have been improperly applied. *See Boothe* v. *Broudy*, 235 Va. 457, 369 S.E.2d 165 (1988).

■ When the trial court was required to exercise its discretion, to weigh the interests, and to rule on the motion for transfer, it had basically only two factors before it supporting retention of the cause in Portsmouth. First, N&W's railroad tracks run through Portsmouth, requiring N&W to engage in business in that city, thereby making Portsmouth a proper choice of venue. Second, and more importantly, Portsmouth was the plaintiff's original choice of forum, and his selection should not be lightly defeated. But the weight afforded that choice is diminished when, as here, the action has at best only a technical, formal connection with the original

court chosen, Portsmouth. *Akers* v. *Norfolk and Western Railway Company*, 378 F.2d 78, 79 (4th Cir. 1967); *Celbusky* v. *Delaware & Hudson Ry. Co.*, 590 F.Supp. 934, 935-36 (E.D.Pa. 1984); *Franklin* v. *Southern Ry. Co.*, 523 F.Supp. 521, 524 (D.D.C. 1981). While Portsmouth was a proper forum, it had no practical nexus whatsoever with the instant action.

In contrast, this action had a strong nexus with Roanoke. The injury arose in Roanoke. N&W's registered agent and principal headquarters were located in Roanoke. All of the known potential witnesses, with the exception of one, were residents of Roanoke. The plaintiff was employed by N&W at an office in Roanoke. The trial court was presented with sufficient information to show good cause to transfer, including substantial inconvenience to the parties and witnesses, as well as indications of a forum originally selected for "not simply justice, but perhaps justice blended with some harassment." *Gulf*, 330 U.S. at 507. Reviewing the applicable principles and record available for consideration by the trial court, we conclude that the trial court abused its discretion in denying N&W's motion to transfer the action from the Circuit Court of the City of Portsmouth to the Circuit Court of the City of Roanoke.*

For the reasons stated above, we will reverse the decision of the trial court and remand the case for entry of an order consistent with this opinion.

*Reversed and remanded.*

---

* The trial court may have misunderstood the conditions under which *forum non conveniens* is to be applied. In explaining its denial of the motion to transfer re-urged after the verdict, the court in its opinion letter stated, "While the Court is respectful of the concept of *forum non conveniens*, it should not be used to defeat plaintiff's choice of forum where the same is proper." Application of the doctrine of *forum non conveniens* presumes that the plaintiff's original choice of forum is proper. If the choice is not proper, the action must be transferred. It is precisely the doctrine of *forum non conveniens* which authorizes a transfer from one appropriate or proper forum to another appropriate forum.