## CIRCUIT COURT OF FAIRFAX COUNTY

Virginia Radiology
Associates, P.C., et al.

v.

Culpeper Memorial
Hospital, Inc., et al.

June 22, 1990

Case No. (Law) 96512

By JUDGE LEWIS HALL GRIFFITH

This case is before the Court on defendant's Motion to Transfer Venue. The motion is based primarily upon Section 8.01-265 of the Code of Virginia which is the statutory enactment of the common law doctrine of *forum non conveniens*. That statute states that:

> the court where in an action is commenced may, upon motion by any defendant and for good cause shown, transfer the action to any fair and convenient forum having jurisdiction within the Commonwealth . . . . Good cause shall be deemed to include, but not to be limited to, the agreement of the parties or the avoidance of substantial inconvenience to the parties or the witnesses.

The plaintiff, in response to the defendant's motion, maintains that the Fairfax County Circuit Court is a proper forum because one of the defendants has a registered office and its registered agent in Fairfax County. Although there appears to be some argument on this point, the Court is satisfied by the documentation provided by the plaintiff

that venue is proper in this court under Virginia's permissible venue statute, § 8.01-262. That is not really the issue, however. As Justice Lacy pointed out in the most recent Virginia Supreme Court case dealing with venue:

> Application of the doctrine of *forum non conveniens* presumes that the plaintiff's original choice of forum is proper. If the choice is not proper, the action must be transferred. It is precisely the doctrine of *forum non conveniens* which authorizes a transfer from one appropriate or proper forum to another appropriate forum.

*Norfolk & Western Railway v. Williams*, 239 Va. 390 at 396, 389 S.E.2d 714 at 718 (1990).

This issue is one which has been placed soundly within the trial court's discretion. *See Shifflett v. Commonwealth*, 221 Va. 760 (1981); *Boothe v. Broudy*, 235 Va. 457 (1988); *Norfolk & Western Railway*, 239 Va. 390, 389 S.E.2d 714 (1990). Also to be noted at the outset is the presumption of correctness which attaches to the plaintiff's choice of forum, although, as was found in *Norfolk & Western Railway*, such a presumption is not absolute. *Id.* at 393.

The Virginia Supreme Court's analysis in *Norfolk & Western* is instructive on this issue as the Court's latest word on the subject. They lay out in some detail the factors which should be taken into account in determining the issue, to include the statutes' definition of "good cause." They conclude that recitation by saying, "Careful consideration of the facts, a balancing of the competing interests, and analysis of the appropriate principles must be undertaken in each case." *Id.* at 393. It appears from this that the Court feels, and I agree, that the decision must be made on a case-by-case basis, taking into account everything which is pertinent to the determination, including the presumption in favor of the plaintiff's choice of venue.

In *Norfolk & Western*, the Court found two factors supporting retention of the cause in the plaintiff's choice of forum. One was that the defendant in that case transacted business in the jurisdiction and the other was the presumption in favor of the plaintiff's choice of forum. In this

case, I find only three factors which support retention of this case by the court. One is the fact that one of the defendants has his registered office and agent in this jurisdiction. The second is that because of the number of plaintiffs and defendants in this case, no choice of venue will be entirely more convenient than another. And finally, there is the presumption in favor of the plaintiff's choice of forum.

I find that the facts of this case, however, counter each of these factors. Although one of the defendants does have his business registered in this jurisdiction, the principal cause of action in this case is between Virginia Radiology Associates, P.C., in Manassas, Virginia, and the Culpeper Memorial Hospital in Culpeper, Virginia. As a matter of fact, six out of the seven counts in the Motion for Judgment are against the hospital or its agents, officers, and/or directors. The only count involving the defendant in Fairfax alleges that the defendant interfered with a contract between the hospital and the primary plaintiff by entering into a contract of his own with the hospital. Any way you look at this case, it revolves around the hospital in Culpeper, Virginia. The only relation with Fairfax County is tangential at best.

The second and third factors are tied up with one another. The fact that no forum will be entirely convenient to all of the parties obviously does not give the plaintiff the right to pick the forum which is the most inconvenient. It is particularly interesting that the party with the only tie to Fairfax County has joined in the motion to transfer.

When all is taken into account, the plaintiff is really relying on the argument that because he has a cause of action against a defendant whose registered office and agent are in Fairfax, he has the right to sue in Fairfax, regardless of the fact that the primary plaintiff and defendant, and relating cause of action, have no relationship with this jurisdiction whatsoever.

As the Supreme Court said in *Norfolk & Western,* though the plaintiff's choice of forum should not be lightly defeated, "the weight afforded that choice is diminished when, as here, the action has at best only a technical, formal connection with the original court chosen . . . . While Portsmouth was a proper forum, it

had no practical nexus whatsoever with the instant action."
*Id.* at 395.

Although I cannot find that absolutely no nexus exists in this case, I do find that no practical nexus exists between this cause of action and Fairfax County. I believe the facts present good cause for transferral of this case to the Culpeper Circuit Court. Therefore, the defendant's motion to transfer venue is granted.