Dolor D. Slone

v.

Stephen Ray Hickock et al.

July 13, 1990

Case No. CL89-631

By JUDGE DIANE McQ. STRICKLAND

Plaintiff has asked the Court to reconsider its decision to transfer venue of the captioned case to the Circuit Court of Botetourt County. I have reviewed the additional authorities submitted by the plaintiff and defendants in connection with the requested reconsideration.

The Court starts with the proposition that the venue statutes afford the plaintiff a choice of an appropriate forum. In the present case, the plaintiff has chosen to file suit in a forum recognized by Virginia Code § 8.01-262, i.e., where one of the defendants, General Motors Corporation, conducts business. The action having been properly filed in Roanoke City, this Court must determine whether defendants have made a showing of good cause pursuant to § 8.01-265 to transfer it to another "fair and convenient forum." The General Assembly has defined "good cause" as including, but not limited to, "the avoidance of substantial inconvenience to the parties or witnesses." Virginia Code § 8.01-265. The circumstances to be considered in a motion to transfer on the basis of *forum non conveniens* include the location of the parties and witnesses, access to sources of proof, the cost of obtaining the attendance of witnesses, the possibility of a view of the premises,

and any other practical problems which might arise during the course of the trial.

The circumstances in the present case are that the plaintiff resides in Bedford County. The defendant, Stephen Ray Hickock, resides in Botetourt County; the defendant, General Motors Corporation, transacts business in Roanoke City and most other forums within the Commonwealth; the defendant, Fontaine Body and Hoist Company, is a corporation existing under the laws of the State of Mississippi transacting business within the Commonwealth. The cause of action arose in Botetourt County. Of the eleven employees on the job site on the date of plaintiff's accident, seven reside in Botetourt County; none reside in Roanoke City. The volunteer fire department and rescue squad members who responded to the scene all reside in Botetourt County. Plaintiff has indicated an intention to call three expert witnesses, one from the City of Blacksburg and two from the City of Richmond. All of plaintiff's treating physicians practice in Roanoke City or Roanoke County. Defendants have advised that they will request the trial court to grant a viewing of the scene of the accident in Botetourt County.

Plaintiff's original choice of forum should not be lightly defeated. However, as stated in *Norfolk & Western Railway Co. v. Williams*, 239 Va. 390, 395 (1990), "the weight afforded that choice is diminished when, as here, the action has at best only a technical, formal connection with the original Court chosen . . . ." In the instant case, that connection is the mere fact that General Motors has dealerships in Roanoke; however, no relationship exists between those dealerships and the accident or cause of action in the present case.

Several of plaintiff's treating physicians do have offices in Roanoke. However, a plaintiff's choice of where to seek medical care should not necessarily be determinative of the appropriate legal forum. In the present case, all of the factual witnesses except for the plaintiff work in Botetourt County, and the vast majority of them reside in Botetourt County. The cause of action arose in Botetourt County, and if a viewing is granted, it could be more readily facilitated from the Botetourt County Courthouse. Experts for both sides will be coming from outside the Roanoke Valley area, and the inconvenience to them will

not be appreciably greater whether the trial goes forward in Roanoke or Botetourt.

Accordingly, while plaintiff's original choice of Roanoke City was a proper permissible forum, this Court adheres to its ruling of June 26, 1990. Defendants have made a proper showing of "good cause" justifying transfer of this case pursuant to Virginia Code § 8.01-265 to Botetourt County Circuit Court, a "fair and convenient forum."