## CIRCUIT COURT OF THE CITY OF ROANOKE

Dominion Leasing Corp.

    v.

Bella Pasta, Ltd.,
and Daniel A. Hoffler

July 16, 1990

Case No. CL89001160

By JUDGE CLIFFORD R. WECKSTEIN

This case is before the Court on the defendants' motion to transfer venue to the Circuit Court of the City of Virginia Beach. No testimony has been presented on the motion, although the defendants, by letter of counsel dated July 10, 1990, have filed affidavits of the individual defendant and the president of the corporate defendant. Both lawyers have filed excellent memoranda of law.

The plaintiff has brought suit upon a written lease agreement and a written guaranty agreement. Each document contains a "forum selection clause," in which the parties purport to contract that all disputes and controversies arising out of, or in connection with, the document will be "determined exclusively by the Circuit Court of the City of Roanoke, Virginia." The lease contains a provision reciting that it "has been made and is to be performed in the City of Roanoke, Virginia." Similarly, the guaranty agreement recites that it is "deemed to be made and performed in the City of Roanoke, State of Virginia."

I have considered carefully the arguments of counsel and the authorities cited. For the reasons stated by the plaintiff and based upon the authorities cited in the plaintiff's memoranda, this Court, in the exercise of

its discretion, will deny the defendants' motions to transfer venue and give effect to the "forum selection clauses" contained in the contracts sued upon. I do not believe that, as the defendants suggested in oral argument, *Norfolk and Western Railway Company v. Williams*, 239 Va. 390 (1990), requires that the transfer motion be granted. Rather, as Justice Lacy wrote in that opinion, "[t]he transfer decision is within the court's discretion, and, as with other discretionary acts, there is no clear formula which can be mechanically applied." *Id*. at 393. I believe that the forum contracted for in this case is "one which insures the ability of the plaintiff to prosecute [its] cause free from any suggestion of abuse of the venue provisions." *Id*. The plaintiff has represented, in oral argument, that it will call witnesses who reside or work in Roanoke, where it does business; the defendants have represented that they, and their witnesses, reside or do business in Virginia Beach. Balancing the inconvenience to parties and witnesses on each side of the case, I cannot say that fairness mandates transfer to Virginia Beach on a *forum non conveniens* basis, nor can I say that any other balancing test militates in favor of the motion to transfer.