## CIRCUIT COURT OF THE CITY OF RICHMOND

Ethan Washington

    v.

James Hayes

November 28, 1990

Case No. LS-1530-1

By JUDGE MELVIN R. HUGHES, JR.

This case [was] brought on for a hearing and argument on defendant's Objection to Venue and Motion to Transfer on November 19, 1990.

The parties agree that in this action for personal injury damages arising out of an automobile collision, the accident occurred in the City of Petersburg and the defendant resided in the City of Hopewell at the time he was served. They also agree that defendant's present whereabouts are unknown. He failed to appear for a deposition the parties agreed to conduct to gather evidence on the venue question now before the Court.

Plaintiff argues that while he cannot now say this Court is the proper venue, defendant has the burden of negating all venue grounds for Richmond and, failing this, the motion should be denied. Upon inquiry by the Court on the matter of what facts were known upon filing to give this Court venue, counsel for plaintiff responded that defendant is a mechanic who lived in Hopewell and given the proximity of the place of accident and Hopewell to Richmond, it is most probable that defendant's testimony would disclose facts that would allow plaintiff to argue that defendant regularly conducts business or affairs here.

The Court would not act now if counsel for plaintiff represented that there is a reasonable expectation that the evidence could make out a basis to argue that venue properly lies here. All counsel did was suggest a mere chance something would develop to show defendant conducts business or affairs here without representing any basis whatsoever for this.

While plaintiff's choice of forum is presumptively correct, the choice is not absolute. *Norfolk and Western Railway Co. v. Williams*, 239 Va. 390, 394 (1990). The Court finds that while counsel for plaintiff had hoped upon filing that some basis for venue in Richmond would turn up, the undisputed facts in place now are sufficient for the Court to act on the motion. Under these circumstances, on the agreed facts, defendant has proved no venue in Richmond exists at the time this action was filed, and the motion to transfer is granted. The case shall transfer to Petersburg. Mrs. Corrigan who appeared on Mr. Harman's behalf can provide the order noting exceptions and providing therein for an award of costs pursuant to Section 8.01-266, Code of Virginia of 1950, as amended.