## CIRCUIT COURT OF THE CITY OF RICHMOND

Moses M. Coleman, Jr.

v.

Timothy A. Reistetter

December 21, 1990

Case No. LS-2215

By JUDGE MELVIN R. HUGHES, JR.

[The defendant has made a] motion to change venue to the Circuit Court of New Kent County on the ground that permissible venue lies there under § 8.01-262(4), where the cause of action arose. Plaintiff moved to retain the action here, admittedly an improper forum, for good cause due to substantial inconvenience to the parties and witnesses pursuant to § 8.01-265. The Court took the motions under advisement to look at the authorities on the question of whether an action can be retained for convenience under § 8.01-265 if the case is filed in an improper forum.

While the Court has not been cited to any cases on the question, the two authorities the Court advised counsel it would consult, namely, T. M. Boyd, E. Graves, and L. Middleditch, Jr., *Virginia Civil Procedure*, § 5.7 (1982), W. H. Bryson, *Handbook on Virginia Civil Procedure*, p. 141 (1989), both opine that in cases where venue is permissible under § 8.01-262 and not preferred under Section 8.01-261, the Court can retain for good cause under Section 8.01-265 even if the case was filed in an improper forum. This is in keeping with § 8.01-265 that "[e]xcept by agreement of all parties, no action enumerated in category A, § 8.01-261, shall be transferred to or retained by a forum not enumerated in such category . . ." While the

Supreme Court has stated the original forum must be proper, that statement was not germane to the issues at hand and this Court considers it dictum. *See N. & W. Railway Co. v. Williams*, 239 Va. 390, 396 (1990). Accordingly, the Court will proceed to determine the question of good cause to retain for reasons of substantial inconvenience.

Here, no preferred venue ground under § 8.01-261 applies. Plaintiff resides in Richmond; defendant resides in Annandale, Virginia, in Fairfax County; and the cause of action arose in New Kent County. Thus all venue arises under § 8.01-262, permissible venue. Plaintiff argued that with the exception of the state trooper who investigated the accident, all parties and witnesses, including two treating physicians, live and work outside of New Kent County. Plaintiff argued that the busy schedule of physicians who will be called to testify at trial can be accommodated better if the trial took place here because they both have offices in Richmond. Plaintiff argued the doctors would probably have to set aside a larger part of the day and perhaps the whole day to attend a trial in New Kent County, thus increasing expenses, if the trial took place there. Plaintiff also pointed out that it is easier for defendant to attend trial here because after travelling from northern Virginia, he would not have to continue on to New Kent County. Counsel for plaintiff also pointed out plaintiff is seventy years old.

The Court concludes that this is a case of substantial inconvenience necessitating retaining the case here. Accordingly, defendant's motion is denied, and plaintiff's motion is granted.