## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Albert Lee Beverly

v.

Charles Machine Works and
Central Virginia Rental Co.

August 1, 1991

Case No. (Law) 4017

By JUDGE JAY T. SWETT

This case arises out of a construction accident which occurred in Augusta County, Virginia, involving a "Ditch Witch" trenching machine rented by plaintiff. Defendants have moved for a transfer of venue to Augusta County on the grounds of *forum non conveniens.*

The Supreme Court of Virginia recently addressed the issue of *forum non conveniens* in *Norfolk and Western Ry. v. Williams*, 239 Va. 390 (1990). The theory assumes as its starting premise that the forum selected by the plaintiff is permissible. *Id.*, 239 Va. at 396, n. *. In *Williams*, the plaintiff fell from a chair in defendant's Roanoke office. Plaintiff filed his action in the City of Portsmouth, basing his choice of permissible venue on the fact that the defendant railway conducts regular business in Portsmouth by virtue of the fact that its tracks run through the city. *Id.*, 239 Va. at 391. In holding that the trial judge had abused his discretion in not transferring the action to Roanoke, the Supreme Court considered the nexus between the cause of action and the plaintiff's chosen forum.

> While Portsmouth was a proper forum, it had no practical nexus whatsoever with the instant action.
>
> In contrast, this action had a strong nexus with Roanoke. N & W's registered agent and principal headquarters were located in Roanoke. All of the known potential witnesses, with the exception of one, were residents of Roanoke. The plaintiff was employed by N & W at an office in Roanoke. The trial court was presented with substantial information to show good cause to transfer, including substantial inconvenience to the parties and witnesses, as well as indications of a forum originally selected for "not simply justice, but perhaps justice blended with some harassment." *Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, 507 (1947).

*Id.* 239 Va. at 396. The first step to resolving the issue is to determine the connection between the plaintiff's choice of forum and his cause of action.

The facts in *Williams* closely mirror the facts in this case. Pursuant to Va. Code § 8.01-262(3), which provides that venue is proper "[w]herein the defendant regularly or systematically conducts affairs or business activity," the plaintiff's choice of venue is permissible since Central Virginia Rental maintains a branch office in Charlottesville and Charles Machine Works is a foreign corporation. The defendants concede that venue would be appropriate in Charlottesville. However, the accident occurred in Augusta County. The defendant is principally headquartered in Augusta county. All of the known witnesses except one possible expert for the plaintiff live in Augusta County. The plaintiff lives in and was employed in Augusta County at the time of the accident.

The one fact at issue here that does not mirror the facts in *Williams* is the degree of inconvenience caused by the distance between Charlottesville and Staunton, the location of the Augusta County Circuit Court. In *Williams*, Portsmouth represented a 250 mile commute each way for all of the parties involved. 239 Va. at 395. Here, the commute is but 35 miles. Plaintiff argues that this one fact is dispositive in light of the long held

tenet that "the presumption of correctness attaches to a plaintiff's choice of forum." *Id.*, 239 Va. at 394. *See, Piper Aircraft v. Reyno*, 454 U.S. 235 (1981). However, the court in *Williams* looked at more than simple convenience. They looked at the nexus between the chosen forum and the cause of action. "[T]he weight afforded [plaintiff's] choice is diminished when, as here, the action has at best only a technical, formal connection with the original court chosen." *Id.*, 239 Va. at 395.

The Roanoke Circuit Court (Strickland, J.), in *Slone v. Hickock*, 20 Va. Cir. 325 (1990), granted a transfer of venue from the City of Roanoke to the County of Botetourt and based its decision on *Williams*. The distance between Roanoke and Botetourt County is similar to the distance between Charlottesville and Augusta County. Further, the facts in *Slone* show an even less compelling connection between the cause of action and the destination court -- the plaintiff resided in Bedford County, not the desired destination forum.

The incident here occurred in Augusta County. All of the parties, witnesses of fact, and all but one of the expert witnesses live and conduct business in Augusta County. The nexus between Augusta County and this cause of action is compelling while the connection to the plaintiff's chosen forum is but technical.

The defendant's motion to transfer venue is granted and venue is transferred to Augusta County.