## CIRCUIT COURT OF CHESTERFIELD COUNTY

Petersburg-Dinwiddie Aviation

v.

Thibault et al.

November 12, 1993

Case No. CL93–1118

BY JUDGE WILLIAM R. SHELTON

The parties and counsel appeared before this Court on November 5, 1993, to present arguments with regard to the proper venue for this action. After considering the arguments of counsel and some independent research, the Court finds as follows.

The plaintiff initiated this cause of action in Chesterfield County pursuant to Virginia Code § 8.01–262(1) (wherein the defendant resides). The Court finds that one of the named defendants is a resident of the County of Chesterfield; therefore, pursuant to Virginia Code § 8.01–263(2), which addresses multiple parties, venue is proper. However, "[w]hile [a] presumption of correctness attaches to a plaintiff's choice of forum, it is not absolute." *Norfolk & Western Ry. v. Williams*, 239 Va. 390 (1990); *Piper Aircraft v. Reyno*, 454 U.S. 235 (1981). Pursuant to Virginia Code § 8.01–265(ii), the Court may transfer an action to any fair and convenient forum having jurisdiction. Moreover, Virginia Code § 8.01–267 vests within the sound discretion of the trial judge the decision to transfer or refuse to transfer venue.

Both parties put forth cogent arguments as to why venue should remain in Chesterfield or be transferred elsewhere. The Court is of the opinion that, given the facts of the case at bar, the most fair and convenient venue is where the cause of action arose, Dinwiddie County. Virginia Code § 8.01–262(4) makes proper venue the situs wherein a cause of action arose. Clearly, this cause of action arose in Dinwiddie County as it was the place where all the alleged environ-

mental dumping took place. As the Court found in *Norfolk and Western Ry. v. Williams*, 239 Va. 390 (1990), while Chesterfield is a proper forum, it has no practical nexus whatsoever to this action. Furthermore, the Court finds that a view of the premises would be more feasible if venue were transferred. Lastly, the Court finds that substantial inconvenience to the parties would result if venue were retained in Chesterfield. Therefore, for good cause shown, the Court finds that the most appropriate place of venue for this action is in Dinwiddie County.