## CIRCUIT COURT OF FAIRFAX COUNTY

Long

v.

Macy's East, Inc.,
t/a Macy's, et al.

August 30, 1996

Case No. (Law) 151494

BY JUDGE F. BRUCE BACH

This matter comes before the Court on the Defendants' Motion to Dismiss Plaintiff's Motion for Judgment for Lack of Subject Matter Jurisdiction. The sole issue before the Court is whether the Plaintiff's exclusive remedy in this action lies within the provisions of the Virginia Workers' Compensation Act. The Defendants' Motion to Dismiss is granted.

The Plaintiff was an employee of the retail store, Macy's, in Tysons Corner, Virginia. In her Motion for Judgment, the Plaintiff alleges that a fellow employee of Macy's accused the Plaintiff of theft, "imprisoned" her for approximately three and a half hours, questioned her, and directed her to write an inaccurate statement. The Plaintiff brought a cause of action based on false imprisonment, intentional infliction of emotional distress, and assault and battery. The Defendants contend the Virginia Workers' Compensation Act provides the exclusive rights and remedies for the Plaintiff and that this Court lacks subject matter jurisdiction.

Virginia Worker's Compensation Act, § 62.1-100 provides the exclusive relief for persons injured by accident arising out of and in the course of their employment. Accordingly, in order for the Workers' Compensation Act to apply, the Plaintiff must have been an employee, who suffered an injury by accident, arising out of and in the course of her employment.

It is undisputed that the Plaintiff was an employee whose injuries arose out of and in the course of her employment. Therefore, the only issue remaining is whether this incident can be considered a "sudden accident." While a traditional definition of accident would not include intentional

torts, the law in Virginia seems to be that this is an accident under the Workers' Compensation Act. *See Hunter v. Lowe*, Civil Action No. 93-0199R, United States District Court, Western District of Virginia, Roanoke Division (1993); *see e.g., Haddon v. Metropolitan Life Ins. Co.*, 239 Va. 396 (1990).

Upon review of the evidence and arguments, I believe the incident at issue constitutes a single, sudden "accident," arising out of and within the scope of the Plaintiff's employment. Therefore, this cause of action lies within the provisions of the Workers' Compensation Act. Defendants' Motion to Dismiss is granted for lack of subject matter jurisdiction.