# CIRCUIT COURT OF AUGUSTA COUNTY

Julian Morris

v.

City of Harrisonburg
and B & S Contracting, Inc.

July 18, 1997

BY JUDGE THOMAS H. WOOD

After considering the pleadings, the interrogatories, the affidavits, the authorities, and the views of counsel, the Court is of the opinion that the Motion to transfer this action to the Circuit Court of Rockingham County filed by the defendant, the City of Harrisonburg, ought to be overruled.

In the summer of 1996, the City of Harrisonburg was engaged in the process of resurfacing South Main Street in the City of Harrisonburg. As a part of this process, the contractor, B & S Contracting, Inc., had removed several inches of asphalt from South Main Street at a point where railroad tracks crossed the street. On July 31, 1996, at approximately 3:45 a.m., the plaintiff, a resident of the City of Harrisonburg, was riding his bicycle on South Main Street, his tire hit the now-exposed railroad track and unseated the plaintiff. B & S Contracting, Inc., a co-defendant in this case, has its principal place of business in Augusta County, Virginia, and its registered agent has his office in the City of Staunton, the County Seat of Augusta County.

The grounds for the Motion to transfer are set forth in the written Motion to transfer filed by counsel for the City of Harrisonburg. B & S Contracting, Inc., did not file a Motion to transfer but supported Harrisonburg's Motion during a hearing in this matter on July 15, 1997.

As can be seen from the response to interrogatories and affidavits, virtually all of the potential witnesses have Harrisonburg addresses, the plaintiff is a resident of Harrisonburg, and the cause of action arose in Harrisonburg. The only connection with Augusta County is the defendant, B & S Contracting, Inc.

Defendants' Motion was based upon § 8.01-265 of the Code of Virginia and the case of *Norfolk and Western Ry. v. Williams*, 239 Va. 390, 389 S.E.2d 714 (1990).

According to counsel, plaintiff's decision to bring this action in Augusta County was based upon his desire to avoid having to try a substantial claim against the City of Harrisonburg in front of a jury composed of Harrisonburg taxpayers.

Defendants do not contest the fact that Augusta County is a proper forum for the trial of this case. Rather, defendants assert that the inconvenience to the parties and witnesses, the increased difficulty of a view, and the strong nexus this case has with Harrisonburg considered together constitute "good cause" for this Court to transfer this action to the Circuit Court of Rockingham County.

In response, plaintiff points out that his only medical expert lives in Charlottesville, that a view is unlikely since the resurfacing of South Main Street has been finished and the condition of the accident scene is entirely different, and since B & S Contracting, Inc.'s presence in Augusta County is very real and not technical, his decision to bring the proceeding in Augusta County ought to be upheld.

The facts in the case at bar are vastly different from those of the *Williams* case. One of the defendant's presence in Augusta County is very real. Harrisonburg and Staunton are connected by an interstate highway and are only twenty-five miles apart. Some of the witnesses will be inconvenienced to some extent by being required to travel to Staunton. However, I cannot believe that this is the "substantial inconvenience" imposed upon the witnesses and parties who were required to travel from Roanoke to Portsmouth. Further, Staunton will actually be closer to at least two of the witnesses. As the *Williams* court points out, the plaintiff's choice of venue is presumptively correct and is not to be "lightly defeated." Defendants' Motion and affidavits to the contrary notwithstanding, I suspect that the possible composition of the jury is the primary motivation. In any event, I do not believe that either transferring or retaining this case could possibly result in any more than a minor inconvenience to the disappointed party. It seems to me that this is a case where the plaintiff's choice ought to be honored.