# CIRCUIT COURT OF THE CITY OF RICHMOND

David Holte

v.

Norfolk and Western Ry. Co.

November 24, 1998

Case No. LE-1489-1

BY JUDGE MELVIN R. HUGHES, JR.

In this case brought under the Federal Employers' Liability Act by a railroad worker against his employer railroad, the railroad has moved to change venue.

After counsel for the railroad made her argument in support of the motion, plaintiff stated that the defendant while stating it did not conduct business in Richmond, has failed to put on any evidence to support the assertion. See Va. Code § 8.01-262. Further, he continued, under § 8.01-265, the court should retain venue notwithstanding for good cause on the ground that the defendant had made no showing of substantial inconvenience to the parties and witnesses if the trial is to occur here.

There is a presumption of correctness that attaches to a plaintiff's choice of forum. *Norfolk and Western Ry. v. Williams*, 239 Va. 390, 393 (1990). In a motion for a change of venue, therefore, "the party objecting to venue has the burden of establishing that the chosen venue is improper." *Meyer v. Brown*, 256 Va. 53, 57 (1998).

The argument presented two opposite views on whether the railroad does business here. Furthermore, the defendant's main reliance was on orders previously issued by the court[1] which found that the railroad was not

---

[1] The two previous orders were entered on October 21, 1994, and June 11, 1996.

conducting business in Richmond. These prior orders, however, are not decisive of this court's determination in the present case.

In considering a motion for a change of venue, the Supreme Court of Virginia has stated that "careful consideration of the facts, a balancing of the competing interests, and an analysis of the appropriate principles must be undertaken in *each* case." *Norfolk and Western Ry*, 239 Va. at 393 (emphasis added). The purpose of the venue statutes are to insure to a litigant the right to a trial in a convenient and familiar jurisdiction. *Dowdy v. Franklin*, 203 Va. 7 (1961). The time at issue, therefore, is the time of filing of the particular cause of action. See Bryson, *Virginia Civil Procedure*, p. 152 (1997). Prior determinations of improper venue are not determinative of venue in a later case. The burden falls on the moving party to show that, in this particular case, the venue is not proper. In the present case, the defendant did not offer sufficient evidence to show that the railroad is not conducting business in Richmond at this time.

With reference to the defendant's argument concerning *forum non conveniens*, counsels' argument also posed two different views on party and witness convenience to attend the trial.[2] "Good cause" as defined in § 8.01-265 includes but is not limited to "substantial inconvenience to the parties or the witnesses." Without sufficient evidence, the court cannot determine whether or not such substantial inconvenience exists.

As the burden is on the movant, the railroad, the court must conclude that, without any evidence on the matter of doing business or inconvenience, plaintiff's selection of this forum is presumptively correct and the motion fails.

---

[2] While the court can readily determine by reference the distances for some witnesses to travel, without evidence it is difficult in this case to see if any inconvenience is substantial.