# CIRCUIT COURT OF THE CITY OF NORFOLK

Clarence Tripp

v.

Norfolk Southern Ry. Co.

December 1, 1998

Case No. (Law) L-98-805

BY JUDGE MARC JACOBSON

The Court has reviewed and considered oral arguments and memoranda and correspondence of counsel for both Norfolk Southern Railway Company, Defendant, and Clarence Tripp, Plaintiff, in regard to Defendant's Objection to Venue and (1) Motion to Dismiss or Abstain, or, Alternatively, (2) for Change of Venue.

On April 1, 1998, Plaintiff, an employee of Defendant brought suit in this Court against Defendant based on the Federal Employers' Liability Act. Plaintiff, who works for the Defendant in New Bern, North Carolina, and resides in Vanceboro, North Carolina, alleged that, during the course of his employment, he was injured at or near New Bern, North Carolina.

Given the connections this case has to New Bern, North Carolina, Defendant has argued that Plaintiff should have filed and/or brought this suit in New Bern, North Carolina, and not in the Circuit Court of the City of Norfolk, Virginia. Plaintiff, in response, has argued that the Court should overrule Defendant's Objection to Venue and retain the case in the Circuit Court of the City of Norfolk.

Motions for change of venue are governed by § 8.01-265 of the Code of Virginia (1950) as amended, which provides:

> [T]he court ... may, upon motion by any defendant and for good cause shown, (i) dismiss an action brought by a person who is not a resident of the Commonwealth without prejudice under such conditions as the court deems appropriate if the cause of action arose outside the

Commonwealth and if the court determines that a more convenient forum which has jurisdiction over all the parties is available in a jurisdiction other than the Commonwealth ... .

Generally, a "presumption of correctness attaches to a plaintiff's choice of forum"; however, "it is not absolute." *Norfolk & W. Ry. v. Williams*, 239 Va. 390, 394, 389 S.E.2d 714, 717 (1990). "The transfer decision is within the court's discretion, and, as with other discretionary acts, there is no clear formula which can be mechanically applied." *Id.* at 393, 389 S.E.2d at 716. Factors for a court to consider include the following:

relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Id.* (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S. Ct. 839, 843 (1947)). A court can also consider whether the transfer is meant to avoid "substantial inconvenience to parties or witnesses." Code § 8.01-265; *see also Williams*, 239 Va. at 395, 389 S.E.2d at 717.

Since the accident occurred in New Bern, North Carolina, access to sources of proof and, most certainly, a view of the premises or scene of the accident, if applicable, could more easily be obtained in New Bern than in Norfolk. Certainly many of the material witnesses, including the Plaintiff and those who observed the alleged accident, would be located in New Bern, although counsel for the Plaintiff indicated some witnesses would be from Virginia, but not necessarily the City of Norfolk.

Plaintiff argues that *Williams* is distinguishable from the instant case. (Pl.'s Mem. 1.) In *Williams*, the plaintiff brought suit against Norfolk & Western Railway Co. in Portsmouth, Virginia, and Portsmouth is not the principal place of business of that company; whereas, in this case, Norfolk is the principal place of business of Defendant. Plaintiff is correct in distinguishing *Williams* factually in this regard. However, in considering all of the factors set forth in *Williams*, including that the instant cause of action arose in New Bern, North Carolina, the Court finds and concludes that the proper venue for the instant action is and should be New Bern, North Carolina, New Bern being a more convenient forum which has jurisdiction over both Plaintiff and Defendant and being available as a jurisdiction other than the Commonwealth of Virginia.

418

The Court thus holds for good cause shown that the above-captioned action is to be dismissed without prejudice under the condition that the statute of limitations is tolled for a reasonable period of time to permit reinstitution of suit in the applicable North Carolina jurisdiction and that the statute of limitations not be an affirmative defense or applicable upon reinstitution of the suit provided that Plaintiff reinstitutes suit in the proper North Carolina jurisdiction within ninety days.