# CIRCUIT COURT OF THE CITY OF ROANOKE

Malcolm L. McClure et al.

v.

Norfolk & Western Railway Co.
and Norfolk Southern Railway Co.

December 27, 2000

Case No. CL98-699

BY JUDGE ROBERT P. DOHERTY, JR.

Fifty-eight Plaintiffs filed a single Federal Employer's Liability Act and Locomotive Boiler Inspection Act action against Defendant railroad. Defendants filed motions to sever the cases, and to transfer venue of some of them to various other locations throughout the state. Decisions on these motions were taken under advisement pending settlement negotiations. The parties have settled 49 of the 58 actions and now request that the Court rule on the Defendants' motions. Upon review of the briefs filed and the oral argument of counsel, the Court finds in favor of the Defendant.

*Severance*

Because these cases involved some common issues, their having been consolidated to date has aided both the Court and the parties on due process matters, scheduling of hearings, discovery, and settlement. Frequently, cases are consolidated only for matters of discovery and pre-trial economy but are tried separately. In fact, the parties in this case have treated each of the 58 plaintiffs as though they had individual actions as evidenced by their settlement of 49 of them, by setting only 9 for trial, and by picking individual trial dates.

Despite these circumstances which almost render this issue moot, the Court finds that severance should be granted. Quoting from Defendants' brief,

"Plaintiffs have disparate work histories, disparate occupational exposures, and disparate dates of and places of employment. Each case is unique and should be tried individually." Although these cases involve *some* similar questions of law, they do not "arise out of the same transaction, occurrence, or series of transactions or occurrences. . . ." as required by § 8.01-267.1, Code of Virginia (1950), as amended. Further consolidation will not "promote the ends of justice and the just and efficient conduct and disposition of the actions. . . ." *id.*, nor can the cases be tried jointly without prejudice to the concept of a fair and impartial resolution of the issues. Had this matter been presented on a motion to consolidate, pursuant to § 8.01-267.3, consolidation would have been granted for pretrial purposes only. Accordingly, Defendants' motion to sever is granted, and their argument regarding § 8.01-374.1 is rendered moot.

## Change of Venue

In cases where a jury view of the scene of the accident has not been a possibility, this Court has frequently refused to change venue in matters that occurred in Western and Southwestern Virginia when the argument of *forum non conveniens* has been made. These decisions often centered around the availability, for the convenience of the witnesses, of air travel, hotel and restaurant accommodations, the location of highways and the other urban amenities available to travelers in the Roanoke area. Those considerations are not overriding in this instance.

Plaintiffs' action is filed in a permissible venue pursuant to § 8.01-262(3), in that Defendant railroad regularly conducts business in the City of Roanoke. However, three of the remaining Plaintiffs reside in Norfolk and one resides in Chesapeake. The cause of action for each of these four Plaintiffs arose in the cities in which they reside. They each worked their entire railroad career in and around those metropolitan areas. Their supervisors, co-workers, and relevant fact witnesses all apparently come from those parts of the state. It also appears that the health care providers for each of these four Plaintiffs will come from the Norfolk and Chesapeake areas or from areas foreign to all of the jurisdictions under consideration. Clearly, substantial cost and inconvenience exists for the Plaintiffs and the majority of the witnesses for both parties to travel to, and sojourn in, the Roanoke area.

Although great weight is given to the Plaintiff's choice of forum, that "weight is diminished when, as here, the action has at best only a technical, formal connection with the original court chosen. . . . While [Roanoke is] a proper forum, it [has] no practical nexus whatsoever with the instant action."

*Norfolk & W. Ry. v. Williams*, 239 Va. 390, 395 (1990). In order to prevent unnecessary hardships on the majority of the witnesses and parties, Defendants' motion to transfer venue in the cases involving Howard Brooks, Orin Hale, Frank Hall, and Lewis Lester is granted.

Counsel for Plaintiff is directed to pay the appropriate filing fees for the four cases being transferred to the separate circuit courts, pursuant to § 8.01-267.5.