# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Todd D. Bradley

v.

John M. Kellum et al.

July 18, 2001

Case No. (Civil) 00-216

BY JUDGE EDWARD L. HOGSHIRE

This letter opinion addresses Defendants' Motion to Transfer Venue for *forum non conveniens.* Upon due consideration, this Court denies the motion.

### Statement of Facts

Todd D. Bradley's Amended Motion for Judgment alleges that John M. Kellum, M.D., Neal J. Zemmel, M.D., Lacy McClain, M.D., and the Commonwealth of Virginia ("Defendants") are liable to Plaintiff for damages which arose out of a negligently performed surgery. On May 21, 1999, an appendectomy was performed on Plaintiff in Richmond's Medical College of Virginia, which is owned and operated by the Commonwealth. Plaintiff alleges that the defendant-physicians, who were all employed by the Commonwealth, were responsible for incising Plaintiff's abdomen "well below" the area necessary to remove the appendix. As a result of this additional incision, Plaintiff suffered unnecessary disfigurement and pain and suffering.

Plaintiff filed the instant cause in the Circuit Court of the City of Charlottesville on October 12, 2000, alleging negligence, fraud, fraudulent concealment, and negligent supervision and delegation for which he seeks $1,000,000 in compensatory damages and $350,000 in punitive damages. Defendants Kellum and Zemmel responded with a Motion to Transfer Venue for *forum non conveniens,* asserting that the Circuit Court of the City of Richmond is a more appropriate forum. The parties agreed not to submit briefs

on the matter and instead rely on the evidence and arguments presented at the March 20, 2000, hearing.

*Analysis*

‥ This cause of action is brought pursuant to the Virginia Tort Claims Act, whose preferred venue is specified in Virginia Code § 8.01-261:

> In the actions listed in this section, the forums enumerated shall be deemed preferred places of venue and may be referred to as "Category A" in this title. Venue laid in any other forum shall be subject to objection; however, if more than one preferred place of venue applies, any such place shall be a proper forum. The following forums are designated as places of preferred venue for the action specified. . . . In actions under the Virginia Tort Claims Act, Article 18.1 (§ 8.01-195.1 *et seq.*) of Chapter 3 of this title: a. The county or city where the claimant resides; b. The county or city where the act or omission complained of occurred. . . .

Because Plaintiff is a resident of the City of Charlottesville and the action is brought pursuant to the Virginia Tort Claims Act, this Court qualifies as a category "A" or preferred venue.

Defendants Kellum and Zemmel object to such venue, asserting that the City of Charlottesville is a *forum non conveniens*. Defendants seek to transfer the action to the Circuit Court of the City of Richmond, a distance of seventy miles. Virginia Code § 8.01-264 allows the Defendant to object to such venue:

> [T]he court wherein an action is commenced may, upon motion by any defendant and for good cause shown . . . transfer the action to any fair and convenient forum having jurisdiction within the Commonwealth. . . . Except by agreement of all parties, no action enumerated in Category A, § 8.01-261, shall be transferred to or retained by a forum not enumerated in such category. . . . Good cause shall be deemed to include, but not to be limited to, the agreement of the parties or the avoidance of substantial inconvenience to the parties or the witnesses.

Virginia Code § 8.01-265. Because the act or omission complained of occurred at the Medical College of Virginia, which is located within the City

of Richmond, Defendants' suggested venue also qualifies as a category "A" or preferred venue.

Both Richmond and Charlottesville being preferred venues, the issue becomes whether "good cause" exists for the transfer. Under Virginia Code § 8.01-265, when applying the "good cause" standard, the Court must consider the impact on the parties and witnesses. As to the parties, two defendants are from Richmond[1] while Plaintiff lives in Charlottesville. Although exactly who will testify is speculative from this vantage point, as to key witnesses, Officers Jones and Hudson work in Powhatan (a suburb of Richmond), while physicians who treated Plaintiff for testicular pain, Jay Y. Gillenwater, M.D., and John C. Rawlingson, M.D., work in Charlottesville. Other potential witnesses include unspecified hospital staff from Richmond. It thus appears that, by number alone, there will likely be a few additional Richmonders.

However, the "substantial inconvenience" standard requires consideration of more than a participant tally sheet. Other elements should be considered. First, Defendants assert that because the surgery took place in Richmond, it is a more appropriate location for trial. However, a jury viewing of the accident site is not likely in a case such as this. Second, Defendants aver that because they are physicians, there would be a particular hardship on the hospital and their patients should the case be tried in Charlottesville. However, this argument is just as salient for the Plaintiff's physician-witnesses.

### Conclusion

"While the presumption of correctness attaches to a plaintiff's choice of forum, it is not absolute." *Norfolk & Western Ry. v. Williams*, 239 Va. 390 (1990) (citing *Piper Aircraft v. Reyno*, 454 U.S. 235 (1981)). In the instant case, the only factor in favor of transferring the matter from Charlottesville to Richmond is that Defendants' travelers may outnumber Plaintiff's by a small number. As such, Defendants have not shown good cause to effect a transfer to Richmond. Thus, the Motion to Transfer for *forum non conveniens* is denied.

---

[1] Defendant McClain has relocated to Florida, and thus Richmond and Charlottesville are equally inconvenient to her.

The Court requests that Mr. Thomas E. Albro or Mr. Peter Vaden prepare an Order consistent with this Opinion, noting Defendants' objections, and circulate it to Mr. Charles Y. Sipe, Mr. Charles M. Allen, Mr. Richard S. Samet, Ms. Lynn Brice, and Ms. Anne G. Scher for endorsement.