## CIRCUIT COURT OF FAIRFAX COUNTY

Michelle R. Birdsall

 v.

Federated Department Stores, Inc.

March 14, 2006

Case No. CH-2005-4988

BY JUDGE JONATHAN C. THACHER

 This matter came on December 16, 2005, for a hearing on Defendant's Motion to Dismiss For Improper Venue. After considering counsels' arguments and briefs and reviewing the applicable law, the Court reaches the findings and conclusions stated below.

### I. *Background*

 Plaintiff Michelle R. Birdsall, a citizen and resident of the State of New York, brings suit against Federated Department Stores, Inc., d/b/a Bloomingdale's, a Delaware corporation, for actions stemming from incidents occurring in the State of New York.

 Ms. Birdsall was an employee of Lilly Pulitzer, a supplier for Bloomingdale's. She had been working for Lilly Pulitzer for more than a year prior to the events leading to this lawsuit. Ms. Birdsall's job required her to be in a Bloomingdale's store "at least two days a week," to "help the Bloomingdale's staff maximize the sale of Lilly Pulitzer products." Bill of Complaint, at 2. At the end of August 2005, since it was anticipated that she would be working in the Bloomingdale's store more often, Ms. Birdsall was requested to obtain a Bloomingdale's stock room ID card. She filled out a request for such a card, which included providing her Social Security Number and phone number, and submitted it to Bloomingdale's. Shortly thereafter,

Ms. Birdsall was advised by her supervisor at Lilly Pulitzer that she had failed Bloomingdale's background check, she would not be issued the ID card, that her reputation for honesty had been called into question, and that she was immediately barred from Bloomingdale's stores. When Ms. Birdsall requested information on the reason for her background check failure, Bloomingdale's personnel gave her a document entitled "Case Information" with her Social Security Number on it, that said "Petty Theft – Shoplift." *Id.* at 3. Ms. Birdsall denies ever having shoplifted from Bloomingdale's or from any store. Ms. Birdsall tried to resolve the matter but was told by Bloomingdale's that nothing could be done. Ms. Birdsall's supervisors at Lilly Pulitzer were also told nothing could be done, and allegedly as a result, she was terminated by Lilly Pulitzer on September 13, 2005. On September 20, 2005, Ms. Birdsall, through counsel, demanded that Bloomingdale's remove its allegedly erroneous characterization of her from its records and supply all documents and information upon which it was based. Bloomingdale's refused and continues to refuse to remove the characterization, provide any documents, or otherwise accommodate Ms. Birdsall's requests.

Ms. Birdsall brings two claims against Federated Department Stores, Inc. Count I is for defamation, and Count II is for intentional infliction of emotional distress. She seeks "at least" $40,000 in damages, and an injunction prohibiting Bloomingdale's from ever again characterizing her as a shoplifter, requiring Bloomingdale's to remove all records of this characterization or otherwise indicating that she may be properly barred from Bloomingdale's stores, and precluding Bloomingdale's from barring her from its stores.

## II. *Discussion*

It should be mentioned at the outset that Bloomingdale's does not, and could not, challenge this Court's jurisdiction in this matter. The only issue under consideration by this Court at this time is whether Ms. Birdsall's lawsuit should be dismissed under Va. Code § 8.01-265, Virginia's *forum non conveniens* statute. For the reasons stated below, defendant's Motion to Dismiss for Improper Venue is denied.

Va. Code § 8.01-265 provides, in pertinent part:

> The court wherein an action is commenced may, upon motion by any defendant and for good cause shown, (i) dismiss an action brought by a person who is not a resident of the Commonwealth without prejudice under such conditions as the court deems

appropriate if the cause of action arose outside of the Commonwealth and if the court determines that a more convenient forum which has jurisdiction over all parties is available in a jurisdiction other than the Commonwealth.

"Good cause shall be deemed to include, but not to be limited to, the agreement of the parties or the avoidance of substantial inconvenience to the parties or the witnesses." *Id.* Further:

Circumstances ordinarily considered in motions to transfer on the basis of *forum non conveniens* include relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Norfolk & Western Ry. v. Williams,* 239 Va. 390, 393, 389 S.E.2d 714 (1990) (quoting *Gulf Oil Co. v. Gilbert,* 330 U.S. 501, 508, 67 S. Ct. 839, 91 L. Ed. 1055 (1947)).

The party making the motion has the burden of showing good cause. *Virginia Elec. & Power Co. v. Dungee,* 258 Va. 235, 245, 520 S.E.2d 164 (1999).

Here, Bloomingdale's is the moving party and thus has the burden of showing good cause for dismissal under Va. Code § 8.01-265. Bloomingdale's asserts that this Court is an improper forum for this action because Ms. Birdsall is a resident of New York and because "the location of the events giving rise to plaintiff's allegations was New York." Motion to Dismiss, at 1-2. Bloomingdale's further asserts that "there is no indication that any relevant witnesses live in Virginia" and that "defense of the action in Virginia would cause defendant to incur significant travel and other expenses as well as undue inconvenience to relevant witnesses," but does not state any facts to support these conclusory statements. *Id.* at 2.

Ms. Birdsall asserts that, while she is a resident of New York, Virginia is a more convenient forum for her, mainly because she has access to experienced *pro bono* counsel in Virginia. Further, Ms. Birdsall's counsel avers that he intends to call as witnesses a Mr. Le from Rockville, Maryland, and a representative of Bloomingdale's headquarters in Arlington.

Therefore, the only showing that Bloomingdale's has made of substantial inconvenience sufficient to carry its burden is, in light of Ms. Birdsall's preference of venue and stated intended witnesses, that the location of the events giving rise to the action was New York and not Virginia. In other words, Bloomingdale's only showing is that there is more of a practical nexus between the actions giving rise to this litigation and New York than Virginia. The Supreme Court of Virginia has made it clear that the degree of the nexus "does not alone provide the good cause" required under the statute. *Dungee,* 258 Va. at 246.

Bloomingdale's has failed to carry its burden under Va. Code § 8.01-265 for dismissal of this action for improper venue, as it has made virtually no showing of good cause as defined in the statute itself and in relevant Virginia case law. Accordingly, defendant's Motion to Dismiss for Improper Venue is denied.