## CIRCUIT COURT OF THE CITY OF RICHMOND

Grubbs

v.

Southern Railway Co.

May 15, 1990

Case No. LS-718-3

By JUDGE T. J. MARKOW

This matter is before the court on defendant's motion to transfer venue.

Plaintiff's decedent was killed while working as an employee of the defendant railway. Plaintiff sues under the FELA.

Defendant admits that this court is a permissible venue under § 8.01-262, as it does business in the City of Richmond. It urges transfer, however, under § 8.01-265, claiming that the City of Danville is a more convenient forum and that good cause supports transfer.

The court determines the following facts on stipulation and representations of counsel. The incident causing the death occurred in the City of Danville. Plaintiff and his family resided in Linwood, North Carolina. The train crew on decedent's train live in and around Greensboro, North Carolina. The crew of the train that struck the decedent live in and around Greenville, South Carolina. The trainmaster and the rescue squad personnel, all of whom were at the scene of the accident after its occurrence, are residents of the Danville area. Some or all of these persons are likely to be discovery and/or trial witnesses. Danville is about three hours closer to the residence of each of these people than is Richmond. No potential witnesses live in or around the City of Richmond. Plaintiff states that she will probably call two or three expert

witnesses, each of whom will find access to Richmond more convenient than Danville. Plaintiff's counsel, who resides in Portsmouth, will find the City of Richmond more convenient than the City of Danville.

Both sides rely on *Norfolk & Western Railway Co. v. Williams*, 239 Va. 390 (1990), in support of their respective positions. Defendant argues that it is reversible error for the court to refuse to transfer where good cause is shown; the plaintiff argues that the plaintiff's original choice of forum should not be lightly defeated. The court agrees that *Williams* controls this decision. The problem is in application of its principles and principles of *forum non conveniens* to the facts of this case.

The facts in this case are somewhat similar to those in *Williams*. In neither case is there any nexus between the case and the plaintiff's choice of forum, except what the court describes as a technical formal connection.

Unlike *Williams*, where all potential witnesses lived in and around Danville, here some witnesses live in and around Danville, but others live in North and South Carolina, a good way from Danville but much farther away from Richmond.

The decedent was killed when he stepped from one train and was struck by another. Plaintiff claims that defendant did not provide her decedent with a safe place to work. Defendant says that this might be a case in which a view would be appropriate. Plaintiff says, however, photographs will adequately reflect the condition of the work place and that these could be utilized in Richmond as well as in Danville. As this issue is speculative at best, it cannot be a basis for decision by this court.

The supreme court seems to be saying in *Williams* that the court must weigh the substantial inconvenience to the parties and the witnesses, as well as indications that the choice of forum may have blended the search for justice with some harassment, citing *City Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947), *N. & W. Railway Co. v. Williams, supra.*

Here, the court has no basis on which to find that plaintiff was motivated to harass the defendant; it believes, rather, that the City of Richmond is chosen because, rightly or wrongly, it is perceived by plaintiff as a "happy hunting ground." As the legislature has given plain-

tiffs a wide variety of choices of venue, presumably it has determined that selecting a "happy hunting ground" is the prevailing policy of this state, this court has no authority to thwart that policy and, accordingly, feels that it must weigh choice of forum heavily, and where the considerations are equal or even close, the plaintiff's choice of forum must prevail.

Starting then from that premise, is plaintiff's choice of forum outweighed by other facts constituting "good cause"?

Here, the Danville witnesses will have to travel to Richmond (some three hours each way by automobile) for trial, as well as for depositions. *See* Rule 4:5(a2). Out-of-state witnesses will be closer and more convenient to Danville than to Richmond; however, their depositions cannot be required to be taken in the state and will probably have to be taken at their places of residence, all of which are closer and presumably more convenient to Danville than to Richmond. Plaintiff will present two or three out-of-state experts who can fly into Richmond more conveniently than to Danville.

The distances of travel to Richmond for all of the potential witnesses are significant and will cause substantial inconvenience. Weighing this inconvenience against the lack of anything more than a formal relationship to the City of Richmond and perhaps more convenience to two or three expert witnesses, the court finds that good cause exists to order transfer of this case to the Circuit Court of the City of Danville.