## CIRCUIT COURT OF THE CITY OF RICHMOND

Mark C. Nales

v.

Southern Railway Co.

August 3, 1990

Case No. LS-1460-3

By JUDGE T. J. MARKOW

This matter is before the court on the defendant's motion to transfer venue to the Circuit Court of the City of Danville. Defendant concedes that the City of Richmond is a permissible venue under § 8.01-262(3) in that the defendant railroad has tracks in this city and, therefore, regularly and systematically conducts business within the City of Richmond. It argues, however, that this is the only connection with this jurisdiction, that Danville is a more convenient forum, and therefore, good cause exists for transfer under Va. Code Ann. § 8.01-265 (1984 Repl. Vol.).

The following facts are stipulated or determined from the pleadings.

Plaintiff claims to have been injured in two separate incidents while employed by the defendant railroad. Suit is brought under the FELA.

The first injury is alleged to have occurred in Greensboro, North Carolina, the second also in Greensboro, some months after the first. Plaintiff resides in Pelham, North Carolina, located between Danville and Greensboro.

Possible witnesses to the plaintiff's first accident, plaintiff's fellow crew members, live in Virginia in Danville and Ringold, just south of Danville. Plaintiff lives in Pelham, North Carolina. Other witnesses live

in Greensboro, North Carolina. There are no known witnesses to the second accident.

Plaintiff has been treated in hospitals in Greensboro and Danville. He has been treated by physicians in Durham, Greensboro, and Danville. He has been examined on behalf of the defendant by a Danville physician.

No potential witnesses live in or around Richmond. The approximate travel time between Richmond and Danville is three hours each way. The travel time between Danville and Greensboro is one hour or less each way.

There is no nexus between this case and this jurisdiction, except the formal, technical connection of track running through the city; nor is there any with the City of Danville, except convenience of witnesses.

Plaintiff argues that the court cannot make a determination of convenience or inconvenience to witnesses at this stage, as it is too early to determine who the witnesses are. He argues further that even if they can be determined, the court cannot determine that Danville is a more convenient forum without affidavits or testimony from a witness stating specifically that this is an inconvenient forum.

In other words, he argues that the court cannot make a finding of substantial inconvenience to the parties or witnesses from the fact of the distance between the City of Richmond and the residences of the witnesses.

Defendant argues that this case is controlled by the case of *N. & W. Railway Co. v. Williams*, 239 Va. 390 (1990), and cites as authority this court's decision in *Grubbs v. Southern Railway Co.*, 19 Va. Cir. 367 (1990). The court agrees that the principles enumerated in *Williams* are controlling.

In Grubbs, this court transferred to Danville on facts practically identical, except that in *Grubbs*, Danville was the jurisdiction in which the cause of action arose. While *Grubbs* is helpful, it is not dispositive as it is at best persuasive, and in considering motions to transfer venue under § 8.01-265 "no clear formula . . . can be mechanically applied." "Careful consideration of the facts, a balancing of the competing interests, and an analysis of the appropriate principles must be taken in each case." *N. & W. Railway Co. v. Williams*, supra at 393.

The court disagrees with plaintiff's contentions that it is premature to determine the issue of convenience to witnesses. Now is the only time that makes any sense to make these determinations. To follow the plaintiff's logic, there would never be an appropriate time to determine who the witnesses were for venue purposes because the only time that a witness is truly determined is when the witness is called to the stand. All that is contemplated under § 8.01-265 is that the court base its decision on who the potential witnesses are.

It is not necessary to have a specific statement from witnesses saying that this jurisdiction is inconvenient. Section 8.01-265 imposes on the courts the responsibility of determining "good cause" for transfer. That determination is a conclusion based on facts. Generally, all that is needed is common sense to conclude that extensive travel for trial and/or trial preparation is substantially inconvenient to the parties or to potential witnesses. The only judgment needed is to determine when such travel is extensive enough. These determinations are well within the capability of a court to make on the evidence of distance between this forum, the Danville forum, and the locations of the potential witnesses.

While the City of Danville has no specific nexus to the operative facts in this case, it is still within the court's prerogative to transfer to that jurisdiction. When it has determined that good cause for transfer exists, the court may "transfer the action to any fair and convenient forum." Va. Code Ann. § 8.01-265 (1984 Repl. Vol.).

In determining whether good cause for transfer exists, the court must consider whether this forum is substantially inconvenient to the parties or to witnesses. Additionally, the court may consider:

> Relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action, and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947), cited with approval *N. & W. Railway Co. v. Williams*, 239 Va. 390, 393.

In addition to the distance, several of these factors are present here. Many of these witnesses live in North Carolina and are not subject to compulsory process. Some are the plaintiff's fellow workers, others are health care providers. Each of these will be available for trial, depositions, or conferences only by their agreement. Their cooperation and any costs of attendance at trial or depositions will be easier to obtain and cheaper the closer they are to their homes or businesses. The court also considers Supreme Court of Virginia Rule 4:5(a)(2) which limits the place for the taking of depositions to the jurisdiction in which the case is pending or one that is immediately adjacent to it. This would require at least all of the Virginia resident witnesses to travel to the City of Richmond or a surrounding county for depositions. Any nonresident who agreed to be deposed would also have to travel to this area, unless the parties agreed to another location. The court cannot presume such agreement.

This court cannot but find that the distance between the City of Richmond and all of the potential witnesses will result in substantial inconvenience. Additionally, the distance is not likely to produce a resolution of this matter in the most efficient and least expensive manner. Unwilling witnesses who are not subject to compulsory attendance are more likely to be cooperative and at a lesser cost to them or the party procuring their attendance at a jurisdiction closer to their residences and places of business. The inescapable conclusion to be drawn is that good cause for transfer exists.

On the evidence before it, the court finds that the Circuit Court of the City of Danville is a fair and convenient forum with jurisdiction to hear this matter. Transfer to that court will be ordered.