# CIRCUIT COURT OF THE CITY OF RICHMOND

Constance A. Wilkerson

v.

Southern Railway Co.

September 26, 1990

Case No. LS-1375-3

By JUDGE T. J. MARKOW

The matter is before the court on defendant's motion to transfer venue to the Circuit Court of the City of Danville.

Defendant admits that this court is a permissible venue under § 8.01-262, as it does business in the City of Richmond. It argues, however, that this is the only connection with this jurisdiction, that trial in Richmond would result in substantial inconvenience to the parties and to the witnesses and, therefore, good cause exists for transfer to Danville under Va. Code Ann. § 8.01-265 (Repl. Vol. 1984).

The following facts are stipulated or determined from the pleadings. Plaintiff claims to have been injured while working in the course of her employment by the defendant railroad. Suit is brought under the FELA.

The injury is alleged to have occurred in Greensboro, North Carolina. Four possible witnesses to the plaintiff's accident, fellow workers, live in Greensboro. In addition, plaintiff has received medical treatment from Drs. Long, Stafford, Jennings, and Gioffre, all of whom live and work in the Greensboro area.

Plaintiff also received treatment from Dr. Anthony Gristina, who is located in Reston, Virginia. Plaintiff names as potential witnesses from the City of Richmond a vocational rehabilitation expert and an economic expert.

The travel time between Greensboro and Danville is one hour or less. The travel time between Greensboro and the City of Richmond is from three to four hours.

Plaintiff argues that transfer under the forum *non conveniens* statute would be contrary to the policy of access to Virginia courts expressed in Code §§ 8.01-328 to 8.01-330, citing the recent cases of *Caldwell v. Seaboard System Railroad, Inc.*, and *Seaboard System Railroad, Inc. v. Caldwell*, 238 Va. 148 (1989); however, these cases are not on point as they denied the ability of the court to *dismiss* the causes, not to *transfer* them to another forum within the state.

Plaintiff further argues that she is not inconvenienced by having her case filed in Richmond and cites *Boyd v. Grand Trunk Western RR.*, 338 U.S. 263 (1949), in support of her "substantial right" to choose her forum in a FELA case. In *Norfolk and Western Railway Co. v. Williams*, 239 Va. 390 (1990), the court acknowledged the presumption of correctness in the plaintiff's choice of forum but said "the presumption cannot be enhanced simply because the action arises under FELA. We are bound to apply the same principles . . . as we apply to venue issues in any other tort case." (citing *Southern R. Co. v. Mayfield*, 340 U.S. 1 (1950)).

The defendant submits in support of its motion that *Williams* differs from this case only in that the cause of action arose in the proposed venue in *Williams* whereas here it arose elsewhere. The defendant argues that this does not change the logic involved in applying the *Williams* decision and, that as Richmond has no nexus with the case either, the advantage of the shorter distance between Greensboro and Danville should be the deciding factor.

This court finds that here, just as in *Williams*, it has "basically only two factors before it supporting retention of the cause." These two factors are the tracks which form the basis of the railroad's doing business here and the plaintiff's original choice of forum. The *Williams* court found that "the weight afforded that choice is diminished where, as here, the action has at best only

a technical, formal connection with the original court chosen." 239 Va. at 395.

However, the other half of the equation is not so weighty here as it was in *Williams*. Missing is any indication of harassment as was suggested in that case, the cause of action did not arise in the proposed forum, nor do the witnesses actually reside there. Danville is not less than three hours closer to the bulk of the witnesses than is the City of Richmond. Each witness will be involved not less than twice; once for discovery, once for trial. This court finds that an additional six-hour travel commitment (round trip Danville to Richmond) is a substantial inconvenience. Additionally, such travel entails additional costs and possibly lodging. Cooperation of witnesses not subject to compulsory attendance is likely to be enhanced where inconvenience is minimized. Their cooperation is more likely if their involvement requires travel to Danville rather than Richmond. Danville is the closest Virginia forum to the place where the accident occurred and where the bulk of witnesses live. Danville will provide substantially less inconvenience to parties and witnesses than travel to Richmond would, yet do no violence to the policy expressed in the *Caldwell* case that plaintiff cited of making Virginia courts available. The court finds that good cause exists to transfer this case to the Circuit Court of the City of Danville.