# CIRCUIT COURT OF THE CITY OF RICHMOND

Roy Huneycutt, Jr.

v.

Southern Railway Co.

October 25, 1990

Case No. LS 2177-2

By JUDGE ROBERT L. HARRIS, SR.

This case comes before the court on defendant's Motion to Transfer Venue to the Circuit Court of the City of Danville or the Circuit Court of Carroll County in Hillsville. The motion is denied as the City of Richmond is a permissible forum and would not be substantially inconvenient to the parties and witnesses.

It has been stipulated that plaintiff's claim concerns two accidents that occurred in Charlotte, North Carolina. Plaintiff was allegedly injured in these accidents in the course of his employment with defendant. Plaintiff and the supervisors to whom he reported the accident reside in the Charlotte area. There are no known witnesses of the accidents.

The anticipated medical witnesses are primarily from the Charlotte area. Dr. Basil M. Boyd, Jr., of Charlotte treated plaintiff after the first accident. Following the second accident, plaintiff consulted Dr. Surendrapels Mac of Albemarle, North Carolina, located approximately thirty-five miles from Charlotte. The only known witness residing outside the Charlotte area is a health-care provider from Chapel Hill Radiology in Chapel Hill, North Carolina.

It is clear from the facts that the most convenient forum for the parties and witnesses is Charlotte, North

Carolina. There is no connection between the facts of these accidents and Virginia. *Forum non conveniens* concerns would make it most logical to transfer the matter to Charlotte. However, it is not within the discretion of this court to transfer this case to North Carolina. Va. Code § 8.01-265.

The legislature has seen fit to open the doors of the Virginia courts to these types of cases. Defendant regularly conducts business in this state and is incorporated in the City of Richmond giving plaintiff his option of filing his cause of action in this court. This is so despite the accident and witnesses being far removed from the Commonwealth.

It was conceded that jurisdiction is proper in Virginia and that the City of Richmond has permissible venue. Defendant has moved to transfer to a forum that is the approximate midway point between Richmond and Charlotte, North Carolina. The requested forums, either Danville or Carroll County, lie at the southern border of Virginia. The only connection that either of these forums have to this action is that the defendant's tracks run through that jurisdiction.

Good cause to transfer includes, but is not limited to, "the avoidance of substantial inconvenience to the parties or the witnesses." Va. Code § 8.01-265. Plaintiff's original choice of forum is given deference, but the weight given that choice is far less when only a technical, formal connection exists between the action and the original court chosen. *Norfolk and Western Railway Company v. Williams*, 239 Va. 390, 389 S.E.2d 714 (1990).

In *Williams*, *id.*, Roanoke was the location of plaintiff's employment, the accident, and both liability and medical witnesses. Plaintiff chose to file the action in Portsmouth, whose only connection was that defendant's tracks ran through the area. The court concluded that the case should be transferred to Roanoke because a trial in Portsmouth presented substantial inconvenience to both parties and witnesses. Portsmouth had only a technical, formal connection with the case. Additionally, plaintiff's choice of original forum indicated some harassment of the defendant.

The case at hand presents a much different factual situation. Defendant is requesting that the matter be

transferred to a forum with fewer contacts than Richmond. Transfer to Danville or Hillsville would not be substantially more convenient to the parties or witnesses. The distance between Charlotte, North Carolina, and Richmond is approximately 297 miles, where the distance between Danville and Charlotte is approximately 137 miles. The flight time for an airplane trip between Charlotte and Richmond is approximately one hour. The travel time of parties and witnesses would not be drastically reduced if the case was transferred to Danville or Hillsville.

After the *Williams* decision, this court has published three opinions transferring cases to Danville: *Grubbs v. Southern Railway Co.*, 19 Va. Cir. 367 (1990); *Nales v. Southern Railway Company*, 20 Va. Cir. 393 (1990); *Wilkerson v. Southern Railway Company*, No. LS 1375-3 (letter opinion September 26, 1990). The case at hand is factually distinguishable from those cases.

In *Grubbs* the accident occurred in Danville. Some witnesses lived in and around Danville, but others lived in North and South Carolina. The case was transferred to Danville where there was substantive connection to the facts.

In *Nales* the injury occurred in Greensboro, North Carolina, which was a one-hour drive from Danville but a three-four hour drive from Richmond. Potential witnesses resided in Danville, Ringold, Virginia, and Greensboro. The court found that the distance between Richmond and all potential witnesses would result in substantial inconvenience if the matter remained in Richmond. Thus, the case was transferred to Danville.

The accident took place in Greensboro, North Carolina, in *Wilkerson*. The majority of witnesses resided in Greensboro. The exceptions were a doctor from Reston, Virginia, which is near Arlington and a vocational rehabilitation expert and an economic expert from Richmond. The court transferred the case to Danville in consideration of the difference in travel time for the parties and witnesses.

Each of the above cases provided some compelling reason for the transfer to Danville. In *Grubbs* there was a substantial connection between Danville and the action.

Some potential witnesses were from Danville in *Nales*, with other witnesses being more convenienced by the transfer. Although *Wilkerson* factually had no connection with Danville, most witnesses resided in and the accident arose in Greensboro. By transfer to Danville, most witnesses in *Wilkerson* were convenienced by a short, one-hour commute to the courthouse.

A case may be transferred to avoid substantial inconvenience to the parties. If the forum to which defendant seeks transfer is no more convenient than the plaintiff's chosen forum, the transfer will not be made. Certain deference is given to plaintiff's choice. In the case at hand, a drive to Danville or Hillsville would take approximately the same time as a trip by plane to Richmond. Neither Danville nor Hillsville would provide a more convenient forum than Richmond under the facts presented.

Plaintiff has brought this action in Richmond where defendant is incorporated and does business. Richmond has more contacts than any other forum in Virginia.

The facts presented by defendant do not weigh heavily enough to establish good cause to transfer venue. Defendant's motion to transfer venue is denied.