Dorothy H. Stilwell

    v.

United Cities Gas Co., Inc.,
and H. R. Farmer

March 4, 1991

Case No. LS-196-3

By JUDGE MELVIN R. HUGHES, JR.

I have read all the memoranda and letters regarding defendants' objections to venue and motions to transfer to the Circuit Court of Pulaski and plaintiff's motion to retain the case here. By consent mentioned in the correspondence, I understand that the parties submit the issue to the Court for decision on the briefs. For the reasons that follow, the Court grants defendants' motion and denies plaintiff's motion.

Here we have a Pulaski County resident defendant and a nonresident defendant corporation, who are sued by a tenant of the resident who is plaintiff's landlord. The case arises out of a natural gas explosion involving the leased premises in Dublin, Virginia, in Pulaski. The nonresident corporate defendant is a utility company which provides utility services in the area. On the basis of having a registered agent in Richmond, pursuant to Section 8.01-262(2), Code of Virginia of 1950, as amended, plaintiff asserts her case can proceed here because venue is proper as to the nonresident corporation. *See also* § 8.01-263(2) *infra.*

Pursuant to § 8.01-265, defendants have moved that the action transfer to Pulaski on the ground that the

parties and witnesses will suffer substantial inconvenience if the case goes to trial here. Plaintiff resists this motion stating that (1) for some of the witnesses, from Tennessee, the relative inconvenience is insignificant, (2) all the witnesses defendant lists will not be needed, and (3) the case should stay here because plaintiff is entitled to her choice of forum. Defendants also rely on § 8.01-263 stating that in cases where there are multiple parties consisting of a resident and nonresident, the venue applicable to the resident is proper and thus the case should transfer to Pulaski. There is also the matter of costs, expenses, and attorney fees incurred by suit being brought here and the motion to transfer, sought by defendants pursuant to § 8.01-266.

The basis of plaintiff's opposition to an award of costs and expenses and attorney fees under § 8.01-266 should the case transfer gives rise to questions concerning the relationship of all the cited statutes bearing on whether these items are awardable under these circumstances. Specifically, plaintiff contends that such awards can only be made when, according to the language of § 8.01-266, there is "an objection pursuant to § 8.01-264." Under Section 8.01-264, according to defendants, objection to venue can be made only when there is no venue at all in the forum involved, not when venue is proper as to one defendant, as here, under § 8.01-262(2). The whole of Section 8.01-263 provides:

> Section 8.01-263. *Multiple parties.* -- In actions involving multiple parties, venue shall not be subject to objection:
> 1. If one or more of the parties is entitled to preferred venue and such action is commenced in any such forum; provided that in any action where there are one or more residents and one or more nonresidents or parties unknown, venue shall be proper (preferred or permissible, as the case may be) as to at least one resident defendant;
> 2. In all other cases, if the venue is proper as to any party.

It has been observed that the preference § 8.01-263 gives to a resident defendant is parochial in that it precludes the plaintiff from selecting a forum less convenient to the resident by adding a nonresident defendant just to create another forum. *See* Boyd, Graves and Middleditch, Virginia Civil Procedure, § 5.5 (1982).

By the terms of § 8.01-264, objection to venue can be made when the case is filed in a venue "other than those designated by this chapter." In such cases, on proper motions, § 8.01-266 mandates recovery of costs and expenses and permits recovery of attorney fees. While the General Assembly has stated in cases involving multiple defendants venue is not subject to objection if the venue is proper as to any party, in the case of a resident and a nonresident, "venue shall be proper . . . as to at least one resident defendant." In such cases, the venue of the resident controls and is a designated venue under the chapter. Plaintiff's choice to bring the action here is therefore without basis.

Accordingly, defendant's motions are granted and they shall have their costs. The Court has not been advised of any expenses and does not make any award in this category. The Court awards to the defendants attorney's fees in the amount of $125.00 each.