# CIRCUIT COURT OF THE CITY OF RICHMOND

Kevin Richardson

   v.

Bruce Guffey et al.

Case No. LT-1120-3

Amy Hilliard

   v.

Georgia-Pacific Corp. et al.

Case No. LT-1269

Amy Hilliard

   v.

Georgia-Pacific Corp. et al.

Case No. LT-1728

September 16, 1991

By JUDGE RANDALL G. JOHNSON

These three cases arise out of an automobile accident which occurred on February 1, 1990, in Dinwiddie County. Four vehicles were involved in the collision: (1) a car operated by Kevin A. Richardson; (2) a pick-up truck operated by Norman M. Hilliard, II, and in which Amy Beth Grover Hilliard, Norman Hilliard's wife, and Seth Norman Hilliard, Norman and Amy Hilliard's son, were passengers; (3) a tractor-trailer owned by Reco Transportation, Inc., and operated by Reco's employee, Bruce B. Guffey; and (4) a tractor-trailer owned by Ryder Truck Rental and operated by Johnny Earle Anderson, an employee of Monsanto Company.

In LT-1120-3 (the "*Richardson* case"), Kevin Richardson sues Guffey, Reco, Norman Hilliard, II, Anderson, and Monsanto for personal injuries Richardson claims he suffered in the accident.

In LT-1269-4 (with LT-1728-1, the "*Hilliard* cases"), Amy Hilliard, as administrator of the estate of Seth Hilliard, who was killed in the accident, sues the same defendants as are sued in the *Richardson* case, except that she does not sue Norman Hilliard, II. In addition, she also sues Richardson, Ryder Truck Rental, Inc. (the owner of the truck driven by Monsanto's employee Anderson), and Georgia-Pacific Corporation, Ms. Hilliard claiming that Georgia-Pacific, which owns and operates a large manufacturing facility in the area of the accident, "carelessly, recklessly and negligently caused a large cloud of smoke and/or fog or other vision-obscuring material to fall over portions of Route 85," thus causing or contributing to the accident.[1]

Finally, in LT-1728-1, Amy Hilliard seeks recovery for her own personal injuries against the same defendants named in the other *Hilliard* case.

Reco, Guffey, and Richardson have objected to venue in the *Hilliard* cases, and Monsanto, Ryder, and Anderson join in the objection. Plaintiff and Georgia-Pacific oppose

---

[1] Georgia-Pacific was also originally a defendant in the Richardson case but has now been nonsuited in that case. Richardson, however, has filed cross-claims against Georgia-Pacific in the Hilliard cases.

the objection. In the *Richardson* case, Reco and Guffey move to transfer venue to Dinwiddie County under the doctrine of *forum non conveniens*. Monsanto and Richardson again join in the motion, as does Norman Hilliard, II. Plaintiff Richardson opposes transfer.

For the reasons which follow, defendants' objection to venue in the *Hilliard* cases will be sustained, and the motion to transfer venue in the *Richardson* case will be granted.

### 1. *The Hilliard Cases*

Plaintiff asserts that venue is appropriate in Richmond in the *Hilliard* cases under Va. Code § 8.01-262(2) and (3), and § 8.01-263. Specifically, plaintiff argues that since Anderson and Guffey are not residents of Virginia and were served through the Commissioner of the Department of Motor Vehicles in Richmond, venue in Richmond is proper because § 8.01-262(2) allows venue in the place where "defendant has . . . appointed an agent to receive process, or such agent has been appointed by operation of the law." The same is true with regard to Reco, which was served through the Secretary of the Commonwealth, also in Richmond. In addition, the parties have stipulated that Georgia-Pacific regularly conducts affairs or business activity in Richmond, and § 8.01-262(3) provides that venue is permitted in the place where defendant conducts affairs or business activity. Plaintiff then cites § 8.01-263 to argue that since venue is proper as to at least one defendant, it is proper as to all. The court disagrees.

Section 8.01-263 provides as follows:

> *Multiple parties.* -- In actions involving multiple parties, venue shall not be subject to objection:
> 1. If one or more of the parties is entitled to preferred venue and such action is commenced in any such forum; *provided that in any action where there are one or more residents and one or more nonresidents or parties unknown, venue shall be proper (preferred or permissible, as the case may be) as to at least one resident defendant;*

2. In all other cases, if the venue is proper as to any party. (Emphasis added.)

The parties agree that no party to this action is entitled to preferred venue. They also agree that of the three non-corporate defendants, only Kevin Richardson is a resident of Virginia. Moreover, since Richardson is a resident of Petersburg with no ties to Richmond, venue in Richmond is not proper as to him. Accordingly, unless at lease one of the corporate defendants -- Georgia-Pacific, Monsanto, Ryder, or Reco -- is a resident of Virginia as to whom venue in Richmond is proper, the objection to venue is valid. I conclude that none of the corporations are residents of Virginia.

None of the corporate defendants are incorporated in Virginia. Each maintains its corporate headquarters outside this state. Plaintiff argues that in spite of those facts, at least Georgia-Pacific is a Virginia resident. This is so, according to plaintiff, because Georgia-Pacific maintains a registered agent in Virginia and does business in Richmond. These facts, however, are simply not enough.[2]

In *Home Savings & Loan Ass'n v. Iowa City Inn, Inc.*, 260 Iowa 1321, 152 N.W.2d 588 (1967), the court properly stated for Iowa what is unquestionably true for all states:

> The determination of whether a corporation organized under the laws of another state is a resident of Iowa must be made within the meaning of the respective statute under consideration. The term is dependent upon the context of the statute in which it is used and the purpose and object to be attained. 152 N.W. at 590.

---

[2] Monsanto and Ryder also have registered agents in Virginia and may do business in Richmond. Because the evidence is clearer in these regards as to Georgia-Pacific and because the parties have stipulated that if Georgia-Pacific is a Virginia resident venue is proper in Richmond, it is Georgia-Pacific which is mentioned here, even though the same observations may apply to other corporate defendants as well.

Applying that principle here, it is obvious that the factors relied on by plaintiff to show that Georgia-Pacific is a Virginia resident do not establish such residency.

The first three subsections of Va. Code § 8.01-262 provide:

> *Category B or permissible venue.* -- In any actions to which this chapter applies except those actions enumerated in Category A where preferred venue is specified, one or more of the following counties or cities shall be permissible forums, such forums being sometimes referred to as "Category B" in this title:
>
> 1. Wherein the defendant resides or has his principal place of employment or, if the defendant is a corporation, wherein its mayor, rector, president or other chief officer resides;
>
> 2. Wherein the defendant has a registered office, has appointed an agent to receive process, or such agent has been appointed by operation of the law; or, in case of withdrawal from this Commonwealth by such defendant, wherein venue herein was proper at the time of such withdrawal;
>
> 3. Wherein the defendant regularly conducts affairs or business activity, or in the case of withdrawal from this Commonwealth by such defendant, wherein venue herein was proper at the time of such withdrawal . . . .

Plaintiff's argument is defeated by these subsections. Subsection 1 states that venue is proper "[w]herein the defendant resides . . . ." It makes no distinction between natural person defendants or corporate defendants. Venue is proper where the *defendant* resides.

Subsection 2 allows suit to be brought "[w]herein the defendant has a registered office, has appointed an agent to receive process, or such agent has been appointed by operation of the law . . . ." And subsection 3 provides for venue "[w]herein the defendant regularly conducts affairs or business activity . . . ."

If, as plaintiff argues, maintaining a registered office and agent in Virginia, or conducting business in

Virginia, makes a defendant a resident of Virginia, there would be no need for subsections 2 and 3 since subsection 1 already provides that venue is appropriate where the defendant resides. Only if the General Assembly had in mind different meanings for the terms and phrases "resides," "has a registered office," "has appointed an agent . . ." and "regularly conducts affairs or business activities" is there any reason for specifying each in separate subsections. The court simply does not accept plaintiff's argument that such other factors equate to "residence" under the venue statute.[3]

Moreover, plaintiff's argument assumes an intent on the part of the General Assembly to treat nonresident corporate defendants differently from other nonresident defendants. A man or woman residing in North Carolina may well work or regularly transact business in a Virginia county or city, thereby making venue appropriate as to him or her in such county or city. Venue may also be established as to such nonresident if an agent has been appointed by law to receive process on such nonresident's behalf, as, for example, service through D.M.V. Where such nonresident is a defendant in a case in which a Virginia resident is also a defendant, however, § 8.01-263 requires that venue be proper as to the *resident* defendant, whether or not it is proper as to the nonresident defendant. The court discerns no intention on the part of the General Assembly to create a different rule where the nonresident defendant is a corporation. The activities engaged in by the corporate defendants cited by plaintiff do not make such defendants residents any more than those same activities make natural persons residents. The corporate defendants are not residents here.

---

[3] This, of course, is not to say that a corporation cannot be a "resident" of Virginia. In Lee v. Richmond, Fredericksburg and Potomac Railroad Co., 23 Va. Cir. 357 (1991), this court held that a corporation WAS a resident of Richmond for venue purposes. That corporation, however, was incorporated in Virginia and maintained its corporate headquarters in Richmond. The court noted that "Richmond is as much RF&P's residence as it is the residence of natural persons who live here." Id. at 360.

The factors present in Lee are just not present here.

Plaintiff also argues that venue should not be transferred because Richardson cannot properly object to venue in the *Hilliard* cases since he has brought suit in Richmond in the *Richardson* case. The quick answer to plaintiff's argument is "So what?" Reco and Guffey have also objected to venue, and their objection cannot be foreclosed because of any action by Richardson. A better answer, however, is that where an objection to venue is concerned, it makes no difference that the defendant has a separate action against the plaintiff in the same court. For example, the fact that a Roanoke resident sues a Richmond resident in Richmond for an accident which occurred in Roanoke does not mean that the Richmond resident can bring a separate action against the Roanoke resident in Richmond. This argument by plaintiff is also rejected.[4]

Finally, plaintiff and Georgia-Pacific argue that venue should be retained in Richmond under the doctrine of *forum non conveniens* and, in the case of Georgia-Pacific, because of some perceived prejudice on the part of Dinwiddie County residents against Georgia-Pacific. The court rejects both arguments.

With regard to *forum non conveniens*, the court finds that neither plaintiff nor Georgia-Pacific has demonstrated good cause to retain the action here. *See* Va. Code Section 8.01-265. Similarly, Georgia-Pacific has also failed to show how it will be prejudiced by having a trial in Dinwiddie. Accordingly, for all of the foregoing reasons, the *Hilliard* cases will be transferred to Dinwiddie County.

## 2. *The Richardson Case*

In the *Richardson* case, venue is proper in Richmond since there are no resident defendants and some of the nonresidents were served through statutory agents in Richmond. This is, however, precisely the type of "technical, formal connection" frowned upon by the Supreme Court in *Norfolk & Western Railway Company v. Williams*, 239 Va. 390, 395-96, 389 S.E.2d 714 (1990). While the other factors

---

[4] Georgia-Pacific also argues that Reco is somehow estopped from objecting to venue because of its failure to appoint a registered agent in Virginia. The court is aware of no such rule of estoppel.

present in *Williams*, inconvenience to witnesses, presence of a registered agent and principal headquarters in the transferee city, etc., are not present here, the case will nonetheless be transferred. This is so because of the transfer of the *Hilliard* cases. These cases will obviously involve extensive discovery and other pretrial matters, and it makes good sense to use, to a large extent, the same discovery in all cases. The parties will not be well served if pretrial motions, motions to compel, etc., have to be heard in each case individually by different courts. Not only would this cost the parties more in terms of time and money, there would also be the risk of inconsistent results. In addition, one court can better coordinate trial dates and other matters to accommodate all of the lawyers' schedules, since many of the lawyers will be the same in both cases. In sum, the court feels that good cause has been shown to transfer the *Richardson* case to Dinwiddie even though venue is technically proper here.