## CIRCUIT COURT OF THE CITY OF RICHMOND

Alphus Wray

v.

Floyd & Beasley
Transfer Co. et al.

September 17, 1992

Case No. LU 2914

By Judge Robert L. Harris, Sr.

Before the Court is the Defendants' Motion to Transfer Venue from the Circuit Court of the City of Richmond to the Circuit Court of Mecklenburg County. Because the Court finds that the Defendants have failed to show good cause for transferring the case, the Motion is denied.

The Plaintiff was employed in South Hill, Virginia. He was injured when a truck pulled away from a loading dock at his place of employment and a forklift he was operating fell from the loading dock. The Plaintiff subsequently brought suit against the driver of the truck and the driver's employer. Both the individual defendant and the corporate defendant are residents of Alabama.

Suit was filed in the City of Richmond, a proper venue under § 8.01–262(2) of the Virginia Code because both Defendants, as non-residents, were served through their statutory agents, the Secretary of the Commonwealth, located in Richmond. The Defendants moved to transfer the case to Mecklenburg County under § 8.01–265 of the Code, primarily because its nexus with this case is stronger than the nexus with Richmond and because of the inconvenience that will be caused to witnesses who will have to travel from the South Hill area to Richmond, a distance of about 160 miles, round trip.

The Court begins with the observation that a plaintiff is entitled to choose the venue, if proper, for his case. *See, Norfolk and W. Ry. v. Williams*, 239 Va. 390, 394, 389 S.E.2d 714, 717 (1990). However, § 8.01–265 of the Code authorizes a trial judge to transfer a case,

upon a showing of "good cause" to "any fair and convenient forum having jurisdiction within the Commonwealth." Va. Code Ann. § 8.01–265 (1992). Good cause is defined as including, "but not to be limited to, the agreement of the parties or the avoidance of substantial inconvenience to the parties or the witnesses." *Id.* Although on a previous occasion, in a case which was nonsuited following the filing of this suit, the parties agreed to a venue transfer to Mecklenburg, such an agreement has little bearing on whether good cause has been shown in a separate suit.

Mecklenburg County, in which South Hill is located, would be a proper venue, for it is the jurisdiction in which the cause of action in this case arose. *See, id.*, § 8.01–262(4). Thus, the fundamental question is whether good cause has been shown which would justify transferring the case to the South Hill area. The Virginia Supreme Court, in noting that such a decision is discretionary with the trial court, has stated:

> [T]here is no clear formula which can be mechanically applied. Circumstances ordinarily considered in motions to transfer on the basis of forum non conveniens include relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Williams*, 239 Va. at 393, 389 S.E.2d at 716. Although the Defendants made a passing reference to the possibility of requesting a jury view, something which would clearly be more convenient were trial not held eighty miles from the site of the accident, the Court doubts that such a request is either so critical or so likely that transfer of this case should be predicated upon that possibility. *Cf., Lee v. Richmond F. & P. RR.*, 23 Va. Cir. 357, 362 (Richmond Cir. Ct. 1991) ("[M]ore is required that a mere suggestion that at some future time a party *may* decide to request a view.").

Of greater concern is the Defendants' argument that their connection with Richmond is no less technical than that ruled insufficient in *Williams*. In *Williams*, suit was brought in Portsmouth, Virginia, against a railroad company for injuries which arose from an accident in Roanoke, Virginia. The only connection between the defendant and Portsmouth was the presence of its tracks in that city, thus mak-

ing venue proper because Norfolk and Western Railway "regularly conduct[ed] affairs or business activity" in that jurisdiction. *See, Williams,* 239 Va. at 395, 389 S.E.2d at 717; Va. Code Ann. § 8.01–262(3). The Court goes on to note that this "technical, formal connection with . . . Portsmouth" was the only link with that city. *Williams,* 239 Va. at 395–96, 389 S.E.2d at 717.

The Court agrees that the presence of the Defendants' statutory agent in Richmond is a technical link with this jurisdiction not unlike that present in *Williams. See, Richardson v. Guffey,* 24 Va. Cir. 423, 429 (Richmond Cir. Ct. 1991). However, there is an additional practical link between this case and Richmond. There are at least four witnesses for the plaintiff present in Richmond. While one witness, an economist, was selected by the Plaintiff for the purposes of litigation, the three other witnesses located here are treating physicians not chosen with an eye toward litigation, but to whom the Plaintiff was referred, either by his own local treating physicians or for workers' compensation purposes. *Cf. Slone v. Hickock,* 20 Va. Cir. 325, 326 (Roanoke Cir. Ct. 1990) ("[A] plaintiff's choice of where to seek medical care should not necessarily be determinative of the appropriate legal forum."). There are two lay witnesses with information relevant to the accident who, along with Joe Tanks, the one individual defendant, live in either Alabama or South Carolina. It is probably *more* convenient for them to travel to Richmond from their homes than to Mecklenburg, unless they choose to drive that distance. In the latter instance, the Court is not prepared to find that the additional eighty miles represents a "substantial inconvenience." *Cf. Lee,* 23 Va. Cir. at 360 (finding that the fifty miles between Spotsylvania and Richmond was not the "substantial inconvenience" created by the 236 miles between Roanoke and Portsmouth in *Williams*). There are, additionally, four other lay witnesses living in South Hill, along with at least three, and perhaps five health care providers who live in the same area. Thus, as many as nine witnesses may be required to travel the eighty miles from the South Hill area to Richmond, should this case be retained here. While a mere numerical balancing of witness numbers might dictate transfer, the Court believes its evaluation should be more intellectually honest than mere arithmetic.

There is little question that a distance of eighty miles represents an inconvenience, but where venue transfer is sought *purely* on convenience grounds, a showing of "substantial inconvenience" is re-

quired. *See* Va. Code Ann. § 8.01–265. By explicitly espousing such a standard, the legislature has adopted a policy which places a certain burden on defendants who wish to override a plaintiff's venue choice on inconvenience grounds. *Cf., Grubbs v. Southern Ry.*, 19 Va. Cir. 367, 369 (Richmond Cir. Ct. 1990) ("As the legislature has given plaintiffs a wide variety of choices of venue, presumably it has determined that selecting a 'happy hunting ground' is the prevailing policy of this state . . . ."). The defendant in *Williams* ultimately prevailed not just because of the great distance between Roanoke and Portsmouth but because the case had absolutely no practical nexus with Portsmouth. The court observed that while a "plaintiff's original choice of forum . . . should not be lightly defeated . . . the weight afforded that choice is diminished when . . . the action has at best only a technical, formal connection with the original court chosen." *Williams*, 239 Va. at 395, 389 S.E.2d at 717. Because the original forum choice suggested "not simply justice, but perhaps justice blended with some harassment," good cause for transfer was established. *Id.* at 396, 389 S.E.2d at 718 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947)). Certainly, there is no indication in the case at bar that harassment played a role in Plaintiff's venue selection.

Similarly, in *Grubbs*, 19 Va. Cir. 367, transfer was appropriate not only because of the substantial distance between Danville and Richmond but because there were *no* witnesses who lived in the Richmond area. *See, id.* at 367. In the case at bar, there are three health care providers and an economist who live in the Richmond area and whose testimony will be necessary. There are a similar number of health care providers who live in the South Hill area and whose testimony will be necessary. Thus, whichever venue is chosen, whether it be Richmond or Mecklenburg, similar numbers of expert witnesses will have to be paid to travel to trial. The Court also notes that each side may save some money in counsel fees if the case is retained in Richmond, for there is no indication that were it transferred, local counsel would be substituted. *Cf., Lee*, 23 Va. Cir. at 361–62 (noting the potential savings in travel expenses of Richmond attorneys were a case retained in Richmond).

Of course, there are also four lay witnesses from the South Hill area who may be required to travel to Richmond for trial. The distance involved is eighty miles, representing approximately a one and one-half hour drive each way. While this is certainly inconvenient,

the Court questions whether such a trip represents a "substantial inconvenience." Additionally, there are out-of-state witnesses for whom Richmond, if they travel by air, is undoubtedly more convenient. Recognizing that the context of this case might reasonably support a ruling on either side of this venue transfer motion, the Court agrees with Judge Markow's observation that where "considerations are equal or even close, the plaintiff's choice of forum must prevail." *Id.* at 369.

Accordingly, the Court finds that the Defendants have failed to show good cause for transferring the case to Mecklenburg County, and therefore, it will be retained in Richmond.