## CIRCUIT COURT OF THE CITY OF RICHMOND

Iris Gentry
and Patrick Gentry

v.

Toyota Motor Sales,
USA, Inc., et al.

September 22, 1992

Case No. LT 4815–2

BY JUDGE ROBERT L. HARRIS, SR.

Before the court is the Defendants' Motion to Transfer Venue from the Circuit Court of the City of Richmond to the Circuit Court of the City of Danville. The Court finds that good cause for transfer has been shown, and the case, accordingly, will be transferred to the Circuit Court of the City of Danville.

One of the Plaintiffs, Mrs. Iris Gentry, was injured in a vehicular accident which occurred in Eden, North Carolina. At the time, Mrs. Gentry was driving a 1987 Toyota pick-up truck which she had purchased in 1990 from Danville Toyota, Inc. It is alleged that defective wiring caused the accelerator in the vehicle to jam, causing Mrs. Gentry to lose control and drive over an embankment.

Suit was filed in the City of Richmond, a proper venue under § 8.01–262(2) of the Virginia Code because Danville Toyota, Inc., has its Registered Agent in Richmond, and a co-defendant, Toyota Motor Corporation, was served through the Secretary of the Commonwealth, also located in Richmond. The Defendants moved to transfer the case to the City of Danville under § 8.01–265 of the Code because its nexus with this case is stronger than the nexus with Richmond and because of the inconvenience that will be caused to witnesses who will have to travel from the Danville area to Richmond.

At the outset, the Court rejects the argument, made by the Plaintiff at the September 8 hearing, that Danville Toyota, Inc., because it did

not move to transfer venue within twenty-one days after service of process, has waived its right to object to venue. The twenty-one day limitation arises under § 8.01–264(A) of the Virginia Code which addresses objections to *improper* venue. *See* Va. Code Ann. § 8.01–264(A). Section 8.01–265, the forum non conveniens statute, expressly states that its provisions are "[i]n addition to the provisions of § 8.01–264" and imposes no such limitation. *See id.* § 8.01–265. Since, with respect to convenience, § 8.01–265 focuses on the convenience of both parties and witnesses, it would make little sense to impose a strict, twenty-one day post-service limitation when the discovery process that ultimately reveals all relevant and necessary witnesses will generally extend far beyond that short period. *Cf. Paison v. Hudson*, 243 Va. 413, 417–18, 417 S.E.2d 302, 304 (1992) (Virginia Supreme Court upholds trial court's ruling denying venue transfer requested on convenience grounds, not because request was made after any specific statutory period had passed, but because the fact that the request came a mere one month before trial constituted "good cause" for retaining venue).

In evaluating the Defendants' Motion to Transfer Venue, the Court starts with the principle that a plaintiff is entitled to choose the venue, if proper, for his case. *See, Norfolk and W. Ry. v. Williams*, 239 Va. 390, 394, 389 S.E.2d 714, 717 (1990). However, § 8.01–265 of the Code authorizes a trial judge to transfer a case, upon a showing of "good cause" to "any fair and convenient forum having jurisdiction within the Commonwealth." Va. Code Ann. § 8.01–265 (1992). Good cause is defined as including, "but not to be limited to, the agreement of the parties or the avoidance of substantial inconvenience to the parties or the witnesses." *Id.*

The critical question, therefore, in the case at bar is whether good cause has been shown which would justify transferring the case to Danville. The Virginia Supreme Court, in noting that such a decision is discretionary with the trial court has stated:

> [T]here is no clear formula which can be mechanically applied. Circumstances ordinarily considered in motions to transfer on the basis of forum non conveniens include relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Williams*, 239 Va. at 393, 389 S.E.2d at 716.

In *Williams*, suit was brought in Portsmouth, Virginia, against a railroad company for injuries which arose from an accident in Roanoke, Virginia. The only connection between the suit and Portsmouth was the presence of the defendant's railroad tracks in that city, thus making venue proper because Norfolk and Western Railway "regularly conduct[ed] affairs or business activity" in that jurisdiction. *See id.* at 395, 389 S.E.2d at 717; Va. Code Ann. § 8.01–262(3).

The distinction which the *Williams* court makes between a "technical" and a "practical" venue link, *see Williams*, 239 Va. at 395–96, 389 S.E.2d 717–18, is important because although a plaintiff's forum choice "should not be lightly defeated . . . the weight afforded that choice is diminished when . . . the action has at best only a technical, formal connection with the original court chosen." *Id.* at 395, 389 S.E.2d at 717. Although the distinction which the court makes is not discussed at length, the cases cited by the court suggest that a "practical" connection is one associated with either the cause of action or the facts of the case. *See, e.g., Akers v. Norfolk & W. Ry.*, 378 F.2d 78, 79 (4th Cir. 1967) (venue transfer based primarily upon the fact that "[t]he only relation of [the original forum choice] to the case is that it is the headquarters of the railway and the place where its employee records are kept"); *Franklin v. Southern Ry.*, 523 F. Supp. 521, 524 (D. D.C. 1981) ("[I]t is abundantly clear where the action has little contact with the chosen forum the plaintiff's right to select becomes much less important.").

Although, in *Williams*, the court notes that *one* of the factors making the nexus with Roanoke stronger is the fact that the railroad had its registered agent in that city, this relationship did not stand alone. There was additionally a strong, practical connection between the case and Roanoke. The "practical" links, when coupled with the "technical" links, provided, in their totality, the "good cause" necessary to support a venue transfer. *See Williams*, 239 Va. at 396, 389 S.E.2d at 717.

In the case at bar, the appointment of a registered agent in Richmond by Danville Toyota, Inc., is no more "practical" a link with this jurisdiction than the "technical, formal connection" between the underlying case in *Williams* and the City of Portsmouth. The *only* other connection with Richmond, is the additional "technical" one created by the fact that one of the co-defendants in the case, Toyota

Motor Corporation, was served process through a statutory agent, the Secretary of the Commonwealth. *Cf., Richardson v. Guffey*, 24 Va. Cir. 423, 429 (Richmond Cir. Ct. 1991) (holding that the presence of a statutory agent is as "technical" a link as that found in *Williams*). The third co-defendant, Toyota Motor Sales has a registered agent in adjacent Henrico County, and no specific link with Richmond is alleged. As was the situation with Portsmouth in *Williams*, Richmond has no *practical* link with the case at bar. There is no connection between Richmond and the facts which created the cause of action. No witnesses are located in the Richmond area. This minimal relationship is generally conceded by the Plaintiffs, who primarily argue that the case should be retained in Richmond because, although there is no strong nexus with Richmond, neither is there a strong nexus with Danville.

Contrary to the Plaintiffs' contention, there is a substantial "practical" link between Danville and the case at bar. The accident occurred in Eden, North Carolina, about twenty minutes from Danville. The used vehicle involved was sold to the Plaintiff in Danville, and the previous owner also lives in the Danville area. Key questions in this case will involve the condition of the Toyota pick-up truck when sold, which presumably will require testimony from representatives of the defendant dealership as well as relevant testimony from the vehicle's previous owner.

There are also several other fact witnesses who, along with the Plaintiffs, live in the Danville area. For those witnesses, the convenience issues are similar to those considered in *Nales v. Southern Ry.*, 20 Va. Cir. 393 (Richmond Cir. Ct. 1990), which involved two accidents which occurred in Greensboro, North Carolina. Suit was filed in Richmond, with which the only nexus was, as in *Williams*, the presence of railroad tracks within the jurisdiction. Although Danville had no factual connection with the underlying case in *Nales*, that city represented a significantly more convenient jurisdiction for witnesses, most of whom lived in the Danville area, or nearby, in North Carolina. *See id.* at 393–94. The court transferred the case to Danville because "the distance between the City of Richmond and all of the potential witnesses [would have] result[ed] in substantial inconvenience." *Id.* at 396. In the case at bar, that same distance would represent the same substantial inconvenience to witnesses living in the Danville area. *See, Grubbs v. Southern Ry.*, 19 Va. Cir. 367, 369 (Richmond Cir. Ct. 1990) (both cases finding that substan-

tial inconvenience would be caused Danville area witnesses were they required to travel to Richmond).

Additionally, there are North Carolina witnesses for whom Danville will represent a substantially more convenient forum. This is a significant consideration where the cooperation of witnesses whose appearance cannot be compelled is desired. *See Wilkerson v. Southern Ry.*, 21 Va. Cir. 290, 292 (1990) ("Cooperation of witnesses not subject to compulsory attendance is likely to be enhanced where inconvenience is minimized.").

Finally, many of the expert witnesses involved in the case at bar will be traveling from out of state and, for them, there is little difference between flying into the Richmond airport and flying into Greensboro airport, which is less than an hour from Danville. Apparently, only one expert, who lives in northern Virginia, will be potentially inconvenienced by transfer of the case to Danville.

Because there is no practical nexus between this case and the City of Richmond; because the Defendants have shown that substantial inconvenience will be imposed upon several witnesses if the case is retained in Richmond, while only one witness is potentially inconvenienced by a transfer away from Richmond; and because there are key North Carolina witnesses whose attendance cannot be compelled, but whose close proximity to Danville makes their involvement substantially more convenient if the case is tried in Danville, the Court will grant the Defendants' Motion to Transfer Venue. Accordingly, the case will be transferred to the Circuit Court of the City of Danville.