# CIRCUIT COURT OF THE CITY OF NORFOLK

Ruby Holland

v.

Londexter Davis
and GTL Transport Co.

February 10, 1998

Case No. (Law) L97-1932

BY JUDGE MARC JACOBSON

The Defendants Londexter Davis and GTL Transport Company have submitted a Motion to Transfer Venue in the instant action to the Circuit Court of the City of Suffolk, and the Plaintiff Ruby Holland objects to said Motion and the transferring of the case to the Circuit Court of the City of Suffolk.

Section 8.01-260 of the Code of Virginia (1950), as amended, states that "subject to the provision of § 8.01-264 and § 8.01-265, the venue for any action shall be deemed proper only if laid in accordance with the provisions of §§ 8.01-261 and 8.01-262." In the instant case § 8.01-262 is relevant, the Section providing, *inter alia*, that one or more of the following counties or cities shall be permissible forums:

1. Wherein the defendant resides or has his principal place of employment or, if the defendant is a corporation, wherein its mayor, rector, president or other chief officer resides;

2. Wherein the defendant has a registered office, has appointed an agent to receive process . . . .

3. Wherein the defendant regularly conducts affairs or business activity. . . .

4. Wherein the cause of action, or any part thereof, arose. . . .

Va. Code § 8.01-262.

The accident which is the subject matter of the instant action took place in Suffolk, Virginia, and the registered office, registered agent, residence of the president and principal place of business of Defendant GTL Transport Company are all within the City of Suffolk. The Plaintiff and the Defendant Londexter Davis reside within the City of Suffolk. Therefore, the only alleged basis of venue in the City of Norfolk would be if the Defendant GTL Transport Company "regularly conducts affairs or business activity" within the City of Norfolk.

Although Defendant GTL Transport Company does utilize the transportation facilities in the City of Norfolk for a relatively small percentage of its ongoing business, the Court does not deem this to be sufficient to render the City of Norfolk as a proper venue for the instant action. Even, if for the sake of argument, Norfolk was a proper venue for the instant action the Court would also conclude that the instant action should be transferred to the Circuit Court of the City of Suffolk under the doctrine of *forum non conveniens*. The factors to be considered in deciding whether to transfer the case under this doctrine include:

> relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling [witnesses], and the cost of obtaining willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*N. & W. Ry. Co. v. Williams*, 239 Va. 390, 393 (1990) (citation omitted).

As previously indicated, the cause of action arose in the City of Suffolk; the Plaintiff and Defendant Londexter Davis reside in the City of Suffolk; the registered office, registered agent and principal place of business of the Defendant GTL Transport Company are in the City of Suffolk. Even if, for the sake of argument, Norfolk was a proper forum because of the conducting of business by the Defendant GTL Transport Company in, by, or through the City of Norfolk, there really is not a practical nexus with the City of Norfolk. Norfolk and Suffolk and not contiguous jurisdictions and, geographically, the City of Suffolk is a very large land mass, especially compared with the City of Norfolk.

Accordingly, the Court concludes that the City of Suffolk is the proper venue for the instant action and the Motion to Transfer Venue filed by the Defendants is granted.