# CIRCUIT COURT OF THE CITY OF HOPEWELL

Xspedius Communications

v.

Cricket Technologies, L.L.C.,
and Nexis-9, L.L.C.

July 26, 2006

Case No. CL05-150

BY JUDGE W. ALLAN SHARRETT

This matter comes before the Court on three issues:

(1) Is Hopewell an appropriate venue under Va. Code §§ 8.01-257 through 8.01-267?

(2) Did either party cause a dilatory delay?

(3) If venue is improper, is defense counsel entitled to an award of attorney's fees?

The relevant facts are as follows. Cricket Technologies, L.L.C. ("Cricket") has its principal office in Reston, Virginia. Cricket's registered agent is located in Reston, Virginia. Cricket is incorporated in Delaware. Nexis-9, L.L.C. ("Nexis") has its principal office in Reston, Virginia. Nexis's registered agent is located in Reston, Virginia. Nexis is incorporated in Virginia. Reston, Virginia, is located in Fairfax County. No chief officer or the president of either Cricket or Nexis resides in Hopewell, Virginia. There is no evidence that either Cricket or Nexis have any substantial business activity in Hopewell, Virginia. The place where the alleged cause of action arose would be either Fairfax or Loudoun Counties. Neither party has shown "rapid advancement" of the case.

*Venue*

Category A of the venue statute does not apply to this case. Therefore, in order for Hopewell to be a proper venue, the case at bar would have to meet one of the criteria set forth in Category B of the venue statute. If the case at bar does not meet any of the criteria in Category B, then venue is improper and must be transferred to an appropriate jurisdiction. The following analysis has been numbered to conform with Va. Code § 8.01-262, thus number 1 in the analysis corresponds to number 1 in the statute and so on.

(1) There is no evidence that any mayor, rector, president or other chief officer of any defendant resides in the City of Hopewell.

(2) There is no evidence that either Cricket or Nexis has a registered office in the City of Hopewell. Additionally, the registered agent for both Cricket and Nexis is located in Reston, Virginia, and not the City of Hopewell.

(3) There is no evidence that Cricket or Nexis conduct any substantial business activity.

(4) The cause of action arose in either Fairfax or Loudoun Counties, and not in the City of Hopewell.

(5) through (8) are not applicable.

(9) There are other forums available.

(10) Xspedius is not located in the City of Hopewell.

Analyzing the current case using Va. Code §§ 8.01-261 through 8.01-262, it is very clear that the City of Hopewell is not a proper venue. Both Cricket and Nexis have their principal offices and their registered agent in Fairfax County. Additionally, it seems that the causes of action occurred in either Fairfax or Loudoun Counties. Thus, Fairfax County or Loudoun County are more appropriate venues according to the statute.

The Plaintiff argues that, since the City of Hopewell would provide a more expeditious forum than Fairfax or Loudoun Counties, Hopewell is a proper venue. This argument has no basis in statutory or case law. Expeditiousness is only a factor to be considered when a court is determining whether a different forum is more appropriate. In such a situation, the Court determines whether the other forum would provide a more expeditious forum. This does not mean that a court can claim that it is a proper venue by simply claiming to be a more expeditious alternative to a forum which is considered to be a proper venue under Va. Code §§ 8.01-257 through 8.01-267. In other words, case law implies that a court may transfer a case from one appropriate forum to another if it determines that the other forum would be a more expeditious alternative. It does not, however, imply that a court can claim jurisdiction for the sole reason that it may be a more expeditious alternative, when an appropriate forum exists under the statute. *Holland v. Davis*, 54 Va.

Cir. 610, 611 (1998); *Norfolk & Western Ry. v. Williams*, 239 Va. 390, 393 (1990); *Nales v. Southern Ry.*, 20 Va. Cir. 393, 395 (1990).

## Dilatory Delay

In order for there to be a dilatory delay on the Plaintiff's part, the delay in question would have to be deemed unreasonable and in bad faith. The motions and correspondence between the Plaintiff and Defendants make it clear that neither side put forth effort to rapidly advance the case.

The Defendants allege that the Plaintiff simply "sat on" the case and did not fulfill its burden to "do something except lay in wait." The Court record does not show any evidence that the Plaintiff was unreasonable in its delay in responding to the Defendants' proposed settlement or that the Plaintiff acted in bad faith in doing so. The Defendants also allege that the Plaintiff did not abide by Rule 4:15(b) of the Supreme Court of Virginia. Rule 4:15(b) requires that notice of a hearing shall be in writing and served at least seven days before the hearing. Counsel for Cricket received a Notice of Hearing for December 6, 2005, on November 28, 2005. This seems to be exactly seven days before the hearing. While this may be "cutting it close," the Plaintiff certainly did not cause a dilatory delay.

Considering there is no evidence for any delay being unreasonable or in bad faith and that both sides did not attempt to rapidly advance the case, there is no issue of dilatory delay on the part of either party.

## Attorney's Fees

According to Va. Code § 8.01-266, the Court is permitted to award the costs of attorney's fees to the Defendants in the case at bar. However, the statute does not require that attorney's fees be awarded; it is left to the Court's discretion. "On proper motions, Section 8.01-266 mandates recovery of costs and expenses and *permits* recovery of attorney's fees." *Stillwell v. United Cities Gas Co.*, 23 Va. Cir. 195, 197 (1991). In the exercise of its discretion, the Court declines to order payment of attorney's fees or costs by the Plaintiff.

## Summary

For the reasons stated herein, it is ordered that venue properly lies in either Fairfax or Loudoun County. The parties will please agree upon which of these is the *forum conveniens*. If they cannot, the Court will decide. Neither party was guilty of dilatory conduct. An award of costs and/or attorney's fees is not appropriate in this case.